DERICK E. KONZ, SB No. 286902
    Email:  dkonz@akk-law.com
JACOB J. GRAHAM, SB No. 340295
    Email:  jgraham@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendants CITY OF DIXON, DIXON POLICE DEPARTMENT, CHIEF ROBERT THOMPSON, OFFICER GABRIEL HOLLINGSHEAD, and OFFICER AARON WILLIAMS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA V. PORTER, et al., | Case No.: 2:21-cv-01473-KJM-JDP |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF DIXON, DIXON POLICE DEPARTMENT, CHIEF ROBERT THOMPSON, OFFICER GABRIEL HOLLINGSHEAD, and OFFICER AARON WILLIAMS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| v. | |
| COUNTY OF SOLANO, et al., | |
| Defendants. | |
| | **DATE:**       April 15, 2022 |
| | **TIME:**       10:00 a.m. |
| | **DEPT:**        3 |

## TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................................1

II.     FACTS ALLEGED IN THE SAC AGAINST THE DIXON DEFENDANTS ..........1

III.    CLAIMS AGAINST THE DIXON DEFENDANTS ............................................4

IV.     STANDARD OF REVIEW ...............................................................................5

V.      LEGAL ARGUMENT .....................................................................................6

        A.      THE FIRST CLAIM (UNLAWFUL SEIZURE) FAILS TO ALLEGE SUFFICIENT
                FACTS ...........................................................................................6

                1.      Alleged Unlawful Seizure of Ms. Porter .....................................7

                2.      Alleged Unlawful Seizure of Mr. Powell .....................................7

        B.      THE SECOND CLAIM (EXCESSIVE FORCE) FAILS TO ALLEGE SUFFICIENT
                FACTS ...........................................................................................8

                1.      Alleged Excessive Force by Officer Williams .............................8

                2.      Alleged Excessive Force by Officer Hollingshead .....................8

        C.      THE THIRD CLAIM (UNLAWFUL SEARCH) FAILS TO ALLEGE SUFFICIENT
                FACTS ...........................................................................................9

        D.      THE FIFTH CLAIM (EQUAL PROTECTION) FAILS TO ALLEGE SUFFICIENT
                FACTS ...........................................................................................9

        E.      THE OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY ...................10

        F.      PLAINTIFFS STATE LAW CLAIMS ARE BARRED BY THE CALIFORNIA
                GOVERNMENT CLAIMS ACT AND SHOULD BE DISMISSED WITHOUT LEAVE TO
                AMEND .........................................................................................11

        G.      THE SIXTH CLAIM (BANE ACT) FAILS TO ALLEGE SUFFICIENT FACTS .............12

        H.      THE SEVENTH CLAIM (RALPH CIVIL RIGHTS ACT) FAILS TO ALLEGE
                SUFFICIENT FACTS .........................................................................13

        I.      THE EIGHTH CLAIM (VIOLATION OF CA. PEN. CODE § 853.5) FAILS TO ALLEGE
                SUFFICIENT FACTS .........................................................................13

        J.      THE NINTH CLAIM (FALSE IMPRISONMENT) FAILS TO ALLEGE SUFFICIENT

-i-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF DIXON,
DIXON POLICE DEPARTMENT, CHIEF ROBERT THOMPSON, OFFICER GABRIEL HOLLINGSHEAD,
and OFFICER AARON WILLIAMS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT

ACTS ...................................................................................................13

K.    THE TENTH CLAIM (ASSAULT AND BATTERY) AND ELEVENTH CLAIM (IIED)
      FAIL TO ALLEGE SUFFICIENT FACTS ......................................................14

L.    THE TWELFTH CLAIM (NEGLIGENCE PER SE) AND THIRTEENTH CLAIM
      (NEGLIGENCE) FAIL TO ALLEGE SUFFICIENT FACTS .................................15

M.    LEAVE TO AMEND SHOULD BE DENIED ...............................................15

VI.   CONCLUSION ..................................................................................16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF DIXON,
DIXON POLICE DEPARTMENT, CHIEF ROBERT THOMPSON, OFFICER GABRIEL HOLLINGSHEAD,
and OFFICER AARON WILLIAMS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT

# TABLE OF AUTHORITIES

**CASES**

*Ascon Props., Inc. v. Mobil Oil Co.*

    866 F.2d 1149, 1160 (9th Cir. 1989) .........................................................15

*Ashcroft v. Iqbal*

    556 U.S. 662, 678 (2009)...............................................................1, 3, 5

*Austin B. v. Escondido Union Sch. Dist.*

    57 Cal. Rptr. 3d 454, 469 (Cal. Ct. App. 2007)..................................14

*Bell Atl. Corp. v. Twombly*

    550 U.S. 544, 555 (2007).............................................................1, 5

*Boyd, Boyd v. Benton County*

    374 F.3d 773, 778) ....................................................................6

*Cahill v. Liberty Mut. Ins. Co.*

    80 F.3d 336, 337-38 (9th Cir. 1996) .........................................5

*Carr v. State of California*

    58 Cal.App.3d 139, 144-48 (Cal. App. 1st Dist. 1976) ...................12

*Cherry v. Tyler*

    No. 118CV01268LJOEPG, 2019 WL 1060045, at *12 (E.D. Cal. Mar. 6, 2019) ...........12

*Coble v. Ventura County Health Care Agency*

    73 Cal.App.5th 417, 427 (Cal. App. 2d Dist. 2021) .......................12

*Conley v. Gibson*

    355 U.S. 41, 47 (1957).................................................................5

*Destfino v. Reiswig*

    630 F.3d 952, 958 (9th Cir. 2011) ...........................................8

*District of Columbia v. Wesby*

    138 S. Ct. 577, 589 (2018)....................................................10, 11

*Espinosa v. City & Cty. of San Francisco*

    598 F.3d 528, 546 (9th Cir. 2010) .........................................1, 9

1 | *Estate of Lopez v. Torres*
2 |     105 F. Supp. 3d 1148, 1156 (S.D. Cal. 2015)................................................7, 8
3 | *Felarca v. Birgeneau*
4 |     891 F.3d 809, 822 (9th Cir. 2018) ...............................................................11
5 | *Flores v. Morgan Hill Unified Sch. Dist.*
6 |     324 F.3d 1130 (9th Cir. 2003) ......................................................................9
7 | *Groh v. Ramirez*
8 |     540 U.S. 551, 567 (2004)............................................................................10
9 | *Hafer v. Melo*
10 |     502 U.S. 21, 25 (1991).................................................................................1
11 | *Hamby v. Hammond*
12 |     821 F.3d 1085, 1095 (9th Cir. 2016) .........................................................11
13 | *Harlow v. Fitzgerald*
14 |     457 U.S. 800, 818 (1982)............................................................................10
15 | *Hernandez v. City of Reno*
16 |     634 F.2d 668, 671 (Nev.1981) ....................................................................14
17 | *Hughes v. Pair*
18 |     46 Cal.4th 1035,1050-1051.....................................................................11, 15
19 | *Hurtado v. Cty. of Sacramento*
20 |     No. 2:14-CV-0323 KJM KJN, 2014 WL 4109624, at *3 (E.D. Cal. Aug. 19, 2014) .........7
21 | *In re Daou Sys., Inc.*
22 |     411 F.3d 1006, 1013 (9th Cir. 2005) .........................................................15
23 | *Intri-Plex Techs. v. Crest Group, Inc.*
24 |     499 F.3d 1048, 1056 (9th Cir. 2007) .........................................................15
25 | *Ivey v. Board of Regents*
26 |     673 F.2d 266, 268 (9th Cir. 1982) ...............................................................8
27 | *Johnson v. Duffy*
28 |     588 F.2d 740, 743 (9th Cir.1978) .............................................................6, 7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF DIXON, DIXON POLICE DEPARTMENT, CHIEF ROBERT THOMPSON, OFFICER GABRIEL HOLLINGSHEAD, and OFFICER AARON WILLIAMS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

*Jones v. Williams*
297 F.3d 930, 936 (9th Cir.2002) .........................................................................6

*Kisela v. Hughes*
138 S. Ct. 1148, 1152 (2018) .............................................................................11

*Leer v. Murphy*
844 F.2d 628, 633 (9th Cir.1988) .........................................................................7

*Malley v. Briggs*
475 U.S. 335, 341 (1986) ...................................................................................10

*McMillan v. Virga*
No. 2:14–cv–1106 CKD P, 2014 WL 2093572, at *2 (E.D.Cal. May 19, 2014) ...............7

*Monteilh v. County of Los Angeles*
820 F. Supp. 2d 1081, 1089 (C.D. Cal. 2011) .....................................................6

*Mosley v. Cargill*
No. 219CV00393KJMCKDP, 2019 WL 6701308, at *2 (E.D. Cal. Dec. 9, 2019) ...........7

*Mullenix v. Luna*
136 S. Ct. 305, 308 (2015) ................................................................................11

*Pearson v. Callahan*
555 U.S. 223, 231 (2009) ..................................................................................10

*Perez v. City of Roseville*
882 F.3d 843, 856-57 (9th Cir. 2018) ...............................................................10

*Reynaga Hernandez v. Skinner*
969 F.3d 930, 941–42 (9th Cir. 2020) .................................................................6

*Rizzo v. Goode*
423 U.S. 362, 371-72 (1976) ...............................................................................6

*Robinson v. Solano County*
278 F.3d 1007, 1013–14 (9th Cir.2002) .............................................................1

*Robinson v. York*
566 F.3d 817, 821 (9th Cir.2009) .......................................................................10

*Rosenbaum v. City of San Jose*

    No. 20-CV-04777-LHK, 2021 WL 6092205, at \*24 (N.D. Cal. Dec. 23, 2021) ..............14

*Saucier v. Katz*

    533 U.S. 194, 201 (2001)...................................................................................................10

*Shafer v. City of Santa Barbara*

    868 F.3d 1110, 1118 (9th Cir. 2017) ...............................................................................11

*So v. Shin*

    212 Cal.App.4th 652, 668-69 (2013) ...............................................................................14

*Taylor v. List*

    880 F.2d 1040, 1045 (9th Cir. 1989) .............................................................................1, 6

*Tekle v. United States*

    511 F.3d 839, 845 (9th Cir.2007) ......................................................................................1

*U.S. v. Dunn,*

    480 U.S. 294, 305 (1987)....................................................................................................9

*Vance v. County of Santa Clara*

    928 F. Supp. 993 (N.D. Cal. 1996) ...................................................................................1

*Vos v. City of Newport Beach*

    892 F.3d 1024, 1035 (9th Cir. 2018) .................................................................................1

*Wall v. Sonora Union High Sch. Dist.*

    240 Cal.App.2d 870, 873 (Cal. App. 5th Dist. 1966) .......................................................12

**OTHER STATUTES**

Cal. Gov. Code § 911.4...............................................................................................................11, 12

Gov't Code § 911.4(b) ........................................................................................................................12

Restatement (Second) of Torts § 35 (1965)........................................................................................14

1   Defendants City of Dixon, Dixon Police Department[1], Chief Robert Thompson in his

2   official capacity[2], Dixon Police Officer Gabriel Hollingshead, and Dixon Police Officer Aaron

3   Williams (collectively, "Dixon defendants") submit the following Fed. R. Civ. P. 12(b)(6) motion

4   to dismiss Plaintiffs' Second Amended Complaint ("SAC" at ECF No. 15).

## I. INTRODUCTION

6   This case arises out of an August 6, 2020, road-side arrest of Plaintiff Nakia Porter by

7   Solano County Sheriff's Deputies. The four other plaintiffs were in the vehicle with Nakia Porter

8   during her arrest.  It is alleged that officers from the Dixon Police Department (Hollingshead and

9   Williams) arrived to assist after Nakia Porter was already detained. There are no allegations that

10  they made physical contact with any plaintiff or pointed a firearm at the head of any plaintiff.

11  There are no factual allegations that they searched the vehicle, only a "legal conclusion couched

12  as a factual allegation" that they, "along with the other Defendants" (SAC at 8:4-9) "illegally

13  search[ed] the car without probable cause" (SAC at 14:20-25). *Ashcroft v. Iqbal*, 556 U.S. 662,

14  678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).)

15  Despite the absence of personal participation by the Dixon officers, the SAC asserts–in

16  shotgun pleading style–that they (along with eleven other defendants) are liable to all five plaintiffs

17  under twelve different legal theories, including excessive force, unlawful seizure, and unlawful

18  search. These claims are not supported by sufficient factual allegations to proceed. *See Taylor v.

19  List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability in a 42 U.S.C. § 1983 case "arises only upon a

20  showing of personal participation by the defendant").  In addition, plaintiffs' state-law claims are

21  barred by their failure to comply with the California Government Claims Act procedures.

## II. ALLEGED FACTS

23  The SAC is forty-nine pages long. The fact section contains the title, "Constitutional and

---

[1]  Naming a municipal department as a defendant is not appropriate means of pleading § 1983 action against municipality since term "persons," as used in § 1983, does not encompass municipal departments. *Vance v. County of Santa Clara*, 928 F. Supp. 993 (N.D. Cal. 1996).  Defendants request dismissal of the police department.

[2]  Chief Robert Thompson is named in his official capacity, which is merely an alternative way of pleading an action against the City of Dixon. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Defendants request dismissal of Chief Thompson as duplicative.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF DIXON, DIXON POLICE DEPARTMENT, CHIEF ROBERT THOMPSON, OFFICER GABRIEL HOLLINGSHEAD, and OFFICER AARON WILLIAMS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

State Law Violations <u>by the Solano County Sheriff</u>," in which there are lengthy and detailed allegations regarding the road-side arrest of plaintiff Nakia Porter by Solano County Sheriff's Deputies. (¶¶ 26-88.)[3]   It is alleged that Nakia Porter was assaulted and detained in a patrol car *before* Dixon Police Officers Williams or Hollingshead arrived on scene.  (¶ 83.)  There are no allegations that the Dixon Officers used any force on Nakia Porter.  As to Plaintiff Mr. Powell, it is alleged that the "<u>Deputies</u> proceeded to remove [him] from his vehicle, where <u>the deputies had detained him</u> … [and the three minor plaintiffs]." (¶ 42.)  It is alleged that the "<u>Defendant Deputies</u> callously ordered [him] out of the car and terrorized and humiliated him by making him walk backward over 30 feet at gunpoint with his hands on the back of his head." (¶ 43.)  It is specifically alleged that "<u>Deputy McDowell</u> had her gun pointed at Mr. Powell and the car where the Children were now sitting all alone."  (¶ 43.)

   As to the Dixon Defendants, there is no specific allegation of gun-pointing at any plaintiff or physical contact with any plaintiff other than a vague conclusion that Officer Hollingshead had a shotgun "out and oriented in the same direction"  when Mr. Powell was removed from the vehicle by the Deputies. (¶ 43.)[4]

   In the forty-nine page SAC, the following are the only allegations regarding the Dixon Police Officers:

**Dixon Police Officer Hollingshead**

- GABRIEL HOLLINGSHEAD is a male Dixon Police officer and employee of the City of Dixon and/or the Dixon Police Department sued in his individual capacity. Officer Hollingshead is White. (¶ 24.)

---

[3] All paragraph number citations refer to the SAC.

[4] Counsel for defendants repeatedly advised plaintiffs' counsel that if they could allege, without violating Rule 11, that a Dixon defendant pointed a gun at any particular plaintiff, that they should simply and concisely allege that.  If they could, counsel for defendants offered a non-opposition to a motion for leave to amend.  However, plaintiffs will not allege that and instead have chosen to stand on their vague and conclusory allegation that Officer Hollingshead "had his shotgun oriented in the same direction" and that he "donned" a shotgun. There is no precedent for a claim under any legal theory based on that vague allegation. *Cf. Tekle v. United States*, 511 F.3d 839, 845 (9th Cir.2007) (excessive force can be premised on an allegation that an officer "held a gun to [a plaintiff's] head" for "ten to fifteen minutes"); *cf. Robinson v. Solano County*, 278 F.3d 1007, 1013–14 (9th Cir.2002) (use of a drawn gun at close range when they pointed the gun at head of unarmed misdemeanor suspect is actionable) (en banc); *cf. Espinosa v. City & Cty. of San Francisco*, 598 F.3d 528, 546 (9th Cir. 2010) ("pointing the gun to the head" can be actionable).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF DIXON,
DIXON POLICE DEPARTMENT, CHIEF ROBERT THOMPSON, OFFICER GABRIEL HOLLINGSHEAD,
and OFFICER AARON WILLIAMS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT

- Officer Hollingshead along with the other Defendants, unlawfully arrested, assaulted, detained, illegally searched, and terrorized Ms. Porter, Mr. Powell, and the Children, all in violation of Plaintiffs' constitutional rights and other legal protections. (¶ 24.)[5]

- Officer Hollingshead had his shotgun out and oriented in the same direction in a show of excessive force. (¶ 43.)[6]

- Deputies McCampbell and McDowell and Officers Hollingshead and Williams swarmed Ms. Porter's vehicle at gun point further terrorizing the children. (¶ 46.)[7]

- Officer Hollingshead was donning his shotgun. (¶ 46.)[8]

- Defendants, including Deputies McCampbell, McDowell, Hamilton, and Carter, and Officers Hollingshead and Williams, under the supervision of [Solano County] Sergeant Stockton, were repeatedly shining police flashlights in the Children's faces and continuously illegally searching the car without probable cause, desperately looking for any pretext to justify their illegal conduct. (¶ 47.)[9]

**Dixon Police Officer Williams**

- Defendant AARON WILLIAMS is a male Dixon Police officer deputy and employee of the City of Dixon and/or the Dixon Police Department sued in his individual capacity. (¶ 25.)

- Officer Williams, along with the other Defendants, unlawfully arrested, assaulted, detained, illegally searched, and terrorized Ms. Porter, Mr. Powell, and the Children, all in violation of Plaintiffs' constitutional rights and other legal protections. (¶ 25.)

---

[5] These are legal conclusions.
[6] There is no precedent for a claim based on a shotgun being "out" and "in the same direction."
[7] See fn. 5.
[8] See fn. 5.
[9] There is no precedent for a claim based on shining a flashlight into a car.  The alleged "illegal search without probable cause," is a "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF DIXON, DIXON POLICE DEPARTMENT, CHIEF ROBERT THOMPSON, OFFICER GABRIEL HOLLINGSHEAD, and OFFICER AARON WILLIAMS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

1     •    Deputy McCampbell handcuffed Mr. Powell and placed him in Officer Williams'

2         Police vehicle after confirming with Officer Williams that the vehicle contained "a

3         cage." (¶ 44.)[10]

4     •    Deputies McCampbell and McDowell and Officers Hollingshead and Williams

5         swarmed Ms. Porter's vehicle at gun point further terrorizing the children. (¶ 46.)

6     •    Defendants, including Deputies McCampbell, McDowell, Hamilton, and Carter,

7         and Officers Hollingshead and Williams, under the supervision of [Solano County]

8         Sergeant Stockton, were repeatedly shining police flashlights in the Children's

9         faces and continuously illegally searching the car without probable cause,

10         desperately looking for any pretext to justify their illegal conduct. (¶ 47.)

11           **III.  CLAIMS AGAINST THE DIXON DEFENDANTS**

12     The SAC alleges twelve claims—four under 42 U.S.C. § 1983 and eight pursuant to

13 California state law—against the City of Dixon, Officer Hollingshead, and Officer Williams:

14     1)    Claim 1 - Unlawful Seizure (Aiding and Abetting) pursuant to 42 U.S.C. § 1983

15         against "All Individual Defendants";

16     2)    Claim 2 -  Excessive Force (Aiding and Abetting) pursuant to 42 U.S.C. § 1983

17         against "All Individual Defendants";

18     3)    Claim 3 - Unlawful Search (Aiding and Abetting) pursuant to 42 U.S.C. § 1983

19         against "All Individual Defendants";

20     4)    Claim 5 – Equal Protection violation (Aiding and Abetting) pursuant to 42 U.S.C.

21         § 1983 against "All Individual Defendants";

22     5)    Claim 6 – Bane Act violation (Aiding and Abetting) pursuant to Cal. Civ. Code §

23         52.1 against "All Defendants";

24     6)    Claim 7 – Ralph Civil Rights Act violation (Aiding and Abetting) pursuant to Cal.

25         Civ. Code § 51.7 against "All Defendants";

26

27

28

---

[10] There is no precedent for a claim based solely on the fact that an officer's car was used to detain someone where that officer did not handcuff or place the arrestee in the car.

1      7)      Claim 8 – Cal. Pen. Code § 853.6 violation (Aiding and Abetting) pursuant to Cal.

2              Gov. Code § 815.6 against "All Defendants";

3      8)      Claim 9 – common law claim for False Imprisonment (Aiding and Abetting)

4              against "All Defendants";

5      9)      Claim 10 – common law claim for assault and battery (Aiding and Abetting)

6              against "All Defendants";

7      10)      Claim 11 – common law claim for Intentional Infliction of Emotional Distress

8              (Aiding and Abetting) against "All Defendants";

9      11)      Claim 12 –  Negligence Per Se (Aiding and Abetting) based on violation of Cal.

10             Pen. Code § 853.6 against "All Defendants";

11     12)      Claim 13 – Negligence (Malice and Oppression) pursuant to Cal Gov. Code §§

12             815.2, 815.6 against "All Defendants."

## IV.  STANDARD OF REVIEW

14          On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure

15   ("FRCP") 12(b)(6), all allegations of material fact must be accepted as true and construed in the

16   light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38

17   (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that

18   the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is

19   and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

20   (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6)

21   motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation

22   to provide the grounds of his entitlement to relief requires more than labels and conclusions, and

23   a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations and

24   quotation marks omitted). A court is not required to accept as true a "legal conclusion couched as

25   a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at

26   555). "Factual allegations must be enough to raise a right to relief above the speculative level."

27   *Twombly*, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and

28   Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF DIXON,
DIXON POLICE DEPARTMENT, CHIEF ROBERT THOMPSON, OFFICER GABRIEL HOLLINGSHEAD,
and OFFICER AARON WILLIAMS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT

1   statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

2       Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of

3   entitlement to relief." *Twombly*, 550 U.S. at 555 n.3 (internal citations and quotation marks

4   omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant

5   could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but

6   also 'grounds' on which the claim rests." *Id*. (citing *Wright & Miller, supr*a, at 94, 95).

7                    **V. LEGAL ARGUMENT**

8   **A.    THE FIRST CLAIM (UNLAWFUL SEIZURE) FAILS TO ALLEGE SUFFICIENT FACTS**

9       Plaintiffs bring a claim against "All Individual Defendants" under the Fourth and

10  Fourteenth Amendment for "unlawful seizure" (aiding and abetting). (Claim 1 at ¶¶ 98-103).

11      A person deprives another of a constitutional right, "within the meaning of § 1983, if he

12  does an affirmative act, participates in another's affirmative act, or omits to perform an act which

13  he is legally required to do that causes the deprivation of which complaint is made." *Johnson v.*

14  *Duffy*, 588 F.2d 740, 743 (9th Cir.1978). Liability under § 1983 may be premised on integral

15  participation in the alleged deprivation, however, "[o]fficers are not integral participants simply

16  by the virtue of being present at the scene of an alleged unlawful act." *Monteilh v. County of Los*

17  *Angeles*, 820 F. Supp. 2d 1081, 1089 (C.D. Cal. 2011) (citing *Jones v. Williams*, 297 F.3d 930,

18  936 (9th Cir.2002). "Instead, integral participation requires some *fundamental involvement* in the

19  conduct that allegedly caused the violation." *Id*. at 1090 (emphasis added). "Officers are

20  fundamentally involved in the alleged violation when they provide some affirmative *physical*

21  *support* at the scene of the alleged violation *and* when they are aware of the plan to commit the

22  alleged violation or have reason to know of such a plan, but do not object." *Id*. (citing *Boyd, Boyd*

23  *v. Benton County*, 374 F.3d 773, 778) (emphasis added).

24      The Ninth Circuit has also held that "standards of causation under tort law" are relevant to

25  this inquiry. *See Reynaga Hernandez v. Skinner*, 969 F.3d 930, 941–42 (9th Cir. 2020) (finding

26  that the defendant was an integral participant under either proximate cause or but-for causation);

27  *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a plaintiff must establish a causal relationship

28  between the defendant's conduct and the injury suffered); *see also Taylor v. List*, 880 F.2d 1040,

1045 (9th Cir.1989) (requiring personal participation); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978) (requires personal participation in the acts giving rise to the claim or that the defendant "set in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury"); *McMillan v. Virga*, No. 2:14–cv–1106 CKD P, 2014 WL 2093572, at *2 (E.D.Cal. May 19, 2014) (stating a plaintiff must show how each defendant participated in the deprivation of rights); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988) (quoting *Johnson*, 588 F.2d at 743) (A defendant is a personal participant in an alleged deprivation of rights "'if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation....'"), cited by *Hurtado v. Cty. of Sacramento*, No. 2:14-CV-0323 KJM KJN, 2014 WL 4109624, at *3 (E.D. Cal. Aug. 19, 2014) and *Mosley v. Cargill*, No. 219CV00393KJMCKDP, 2019 WL 6701308, at *2 (E.D. Cal. Dec. 9, 2019).

### 1.    Alleged Unlawful Seizure of Ms. Porter

The SAC alleges Officers Hollingshead and Williams arrived on the scene after the Sheriff's Deputies assaulted and imprisoned Ms. Porter. (¶ 83). This claim fails as a matter of law against Officers Hollingshead and Williams because there is no liability under § 1983 where an officer is not present on the scene at the time of the alleged deprivation. *See Estate of Lopez v. Torres*, 105 F. Supp. 3d 1148, 1156 (S.D. Cal. 2015). This claim should be dismissed without leave to amend.

### 2.    Alleged Unlawful Seizure of Mr. Powell and the other Plaintiffs

The SAC alleges the Solano Deputies ordered Mr. Powell out of his vehicle and Deputy McCampbell handcuffed Mr. Powell and placed him in Officer Williams' Police vehicle after confirming with Officer Williams that the vehicle contained "a cage." (¶¶ 42-44). To the extent a claim for unlawful seizure is brought by Mr. Powell against Officer Hollingshead and Officer Williams, it fails because Officers Hollingshead and Williams did not personally participate in the alleged unlawful seizure. The SAC specifically alleges that Mr. Powell was removed from the vehicle and "detained" by the Sheriff's Deputies, and not the Dixon Officers.  (¶¶ 42-43.)  There are no allegations that the Dixon Officers detained any plaintiff. The SAC fails to allege sufficient

1  facts demonstrating Officer Hollingshead or Officer Williams seized any plaintiff.

2  **B.    THE SECOND CLAIM (EXCESSIVE FORCE) FAILS TO ALLEGE SUFFICIENT FACTS**

3      Plaintiffs bring a claim against "All Individual Defendants" under the Fourth and

4  Fourteenth Amendment for "excessive force" (aiding and abetting). (Claim 2 at ¶¶ 104-108).

5      **1.    Alleged Excessive Force by Officer Williams**

6      The SAC alleges that Officer Williams, along with the other Defendants, unlawfully

7  arrested, assaulted, detained, illegally searched, and terrorized Ms. Porter, Mr. Powell, and the

8  Children, all in violation of Plaintiffs' constitutional rights and other legal protections. (¶ 25).

9  These are conclusions.  The SAC further alleges that "Deputies McCampbell and McDowell and

10  Officers Hollingshead and Williams swarmed Ms. Porter's vehicle at gun point. (¶ 46). This is a

11  vague allegation that is somewhat clarified by the next sentence, alleging that Deputy McCampell

12  approached the vehicle at gunpoint, but not Williams. *See Ivey v. Board of Rege*nts, 673 F.2d 266,

13  268 (9th Cir. 1982) (Vague and conclusory allegations concerning the involvement of official

14  personnel in civil rights violations are not sufficient).

15      The SAC lumps Officer Williams into these events, without setting forth any specific facts

16  as to his conduct or actions. (¶ 25). This constitutes "shotgun pleading" in violation of Fed. R. Civ.

17  P. 8. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (A complaint that alleges "everyone

18  did everything" constitutes shotgun pleading). There are no allegations that Officer Porter used

19  any amount of force on any plaintiff.

20      Moreover, to extent a claim for excessive force is brought by plaintiff Nakia Porter, it fails

21  as a matter of law because Officer Williams is alleged to have arrived on the scene after the alleged

22  assault against her occurred. *Torres*, 105 F. Supp. 3d at 1156; (¶ 83). There are no allegations that

23  Officer Williams used force on any plaintiff.  Officer Williams respectfully requests dismissal

24  without leave to amend.

25      **2.    Alleged Excessive Force by Officer Hollingshead**

26      The SAC alleges Officer Hollingshead was "donning a shotgun" and that he "had his

27  shotgun out and oriented in the [Plaintiffs] direction in a show of excessive force" when Mr. Porter

28  was removed from the vehicle. (¶ 43). There is no Ninth Circuit precedent holding that "donning"

1 a weapon or "orienting" it constitutes excessive force. *Cf. Espinosa v. City & Cty. of San*

2 *Francisco*, 598 F.3d 528, 546 (9th Cir. 2010) (acknowledging a claim with allegations of a gun

3 <u>pointed to someone's head</u>). Presumably, if Officer Hollingshead pointed his shotgun at a plaintiff,

4 they would have specifically alleged it instead of vaguely alleging that he "donned" and "oriented"

5 it. In other words, he held a gun while the Solano County Sheriff's Deputies removed Mr. Powell

6 from the vehicle.  This does not state a claim for excessive force.  There are no allegations that

7 Officer Hollingshead used any force against any plaintiff. Officer Hollingshead respectfully

8 requests dismissal without leave to amend.

9 **C.    THE THIRD CLAIM (UNLAWFUL SEARCH) FAILS TO ALLEGE SUFFICIENT FACTS**

10          Plaintiffs bring a claim against "All Individual Defendants" under the Fourth and

11 Fourteenth Amendment for "unlawful search" (aiding and abetting).

12          The SAC alleges "Defendants, including Deputies McCampbell, McDowell, Hamilton,

13 and Carter, and Officers Hollingshead and Williams, under the supervision of Sergeant Stockton,

14 were repeatedly shining police flashlights in the Children's faces and continuously illegally

15 searching the car without probable cause. (¶ 47). Shining a flashlight in a vehicle does not

16 constitute search within the meaning of the Fourth Amendment. *U.S. v. Dunn*, 480 U.S. 294, 305

17 (1987). The shotgun-style allegations that all of these defendants "illegally searched the car

18 without probable cause" is a legal conclusion couched as a factual allegation and does not identify

19 who particularly did what.

20          Officers Hollingshead and Williams respectfully request dismissal without leave to amend.

21 **D.    THE FIFTH CLAIM (EQUAL PROTECTION) FAILS TO ALLEGE SUFFICIENT FACTS**

22          Plaintiffs bring a claim against "All Individual Defendants" for violation of equal

23 protection clause of the Fourteenth Amendment (aiding and abetting).

24          "To establish a § 1983 equal protection violation, the plaintiffs must show that the

25 defendants, acting under color of state law, discriminated against them as members of an

26 identifiable class and that the discrimination was intentional" or resulted from deliberate

27 indifference." *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130 (9th Cir. 2003).

28          The SAC fails to state an equal protection claim against Officers Hollingshead and

1   Williams because there are no allegations of force, seizure, or search, much less an allegation of

2   discriminatory animus by them. Officers Hollingshead and Williams respectfully request dismissal

3   without leave to amend.

4   **E.    THE OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY.**

5          The Supreme Court has explained that "[t]he doctrine of qualified immunity protects

6   government officials 'from liability for civil damages insofar as their conduct does not violate

7   clearly established statutory or constitutional rights of which a reasonable person would have

8   known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S.

9   800, 818 (1982)). Qualified immunity shields an officer from liability even if his or her action

10  resulted from "'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law

11  and fact.'" *Id.* (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting)). The

12  purpose of qualified immunity is to strike a balance between the competing "need to hold public

13  officials accountable when they exercise power irresponsibly and the need to shield officials from

14  harassment, distraction, and liability when they perform their duties reasonably." *Id.*

15         In determining whether an officer is entitled to qualified immunity, courts employ a two-

16  step test: first, they decide whether the officer violated a plaintiff's constitutional right; if the

17  answer to that inquiry is "yes," courts proceed to determine whether the constitutional right was

18  "clearly established in light of the specific context of the case" at the time of the events in question.

19  *Robinson v. York*, 566 F.3d 817, 821 (9th Cir.2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201

20  (2001)).

21         "Clearly established" means that the statutory or constitutional question was "beyond

22  debate," such that every reasonable official would understand that what he is doing is unlawful.

23  *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018); *Vos v. City of Newport Beach*, 892 F.3d

24  1024, 1035 (9th Cir. 2018). This is a "demanding standard" that protects "all but the plainly

25  incompetent or those who knowingly violate the law." *Wesby*, 138 S. Ct. at 589 (citing *Malley v.

26  Briggs*, 475 U.S. 335, 341 (1986). To be "clearly established," a rule must be dictated by

27  controlling authority or by a robust consensus of cases of persuasive authority. *Wesby*, 138 S. Ct.

28  at 589; *see also Perez v. City of Roseville*, 882 F.3d 843, 856-57 (9th Cir. 2018 (noting that Ninth

Circuit precedent is sufficient to meet the "clearly established" prong of qualified immunity); *Hamby v. Hammond*, 821 F.3d 1085, 1095 (9th Cir. 2016 ("[D]istrict court decisions -- unlike those from the courts of appeals -- do not necessarily settle constitutional standards or prevent repeated claims of qualified immunity."). In examining whether a rule/right is clearly established, courts are to define the law to a "high degree of specificity," and not "at a high level of generality." *Wesby*, 138 S. Ct. at 590; *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018. The key question is "whether the violative nature of particular conduct is clearly established" in the specific context of the case. *Vos*, 892 F.3d at 1035 (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015). Although it is not necessary to identify a case that is "directly on point," generally the plaintiff needs to identify where an officer acting under similar circumstances was held to have violated a federal right. *Wesby*, 138 U.S. at 577; *Vos*, 892 F.3d at 1035; *Felarca v. Birgeneau*, 891 F.3d 809, 822 (9th Cir. 2018); *Shafer v. City of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017.

Here, there is no clearly established precedent to support any claim against Officer Hollingshead or Officer Williams.

**F.    PLAINTIFFS STATE LAW CLAIMS ARE BARRED BY THE CALIFORNIA GOVERNMENT CLAIMS ACT AND SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND**

Plaintiffs bring eight state law claims against Officers Hollingshead and Williams and the City of Dixon. The SAC alleges that Plaintiffs complied with the presentation requirements for asserting state law claims against these Defendants by mailing letters that complied with all requirements of Cal. Gov. Code § 910. (¶ 96). The SAC alleges Plaintiffs sent these letters to the City of Dixon and the Dixon Police Department on January 6, 2022, over a year after their claim accrued on August 6, 2020 (the date of incident). (¶¶ 1, 96).

Cal. Gov. Code § 911.4 provides that when a claim that is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action is not presented within that time, a written application may be made to the public entity for leave to present that claim. Gov't Code § 911.4(a). Section 911.4 further provides that the application shall be presented to the public entity as provided in Article 2 (commencing with Section 915) within a reasonable time *not to exceed one year* after the accrual of the cause of action. Cal. Gov. Code § 911.4. Gov't Code §

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF DIXON, DIXON POLICE DEPARTMENT, CHIEF ROBERT THOMPSON, OFFICER GABRIEL HOLLINGSHEAD, and OFFICER AARON WILLIAMS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

1    911.4(b).

2        Failure to file an application for leave to present a late claim within one year of the accrual

3    date is fatal to the right to bring an action against a public entity. *See Wall*, 240 Cal.App.2d at 873

4    (holding that § 911.4 requires that the delayed claim application be filed, if at all, within one year

5    after the accrual of the cause of action); *see also Carr v. State of California*, 58 Cal.App.3d 139,

6    144-48 (Cal. App. 1st Dist. 1976) (holding that the filing of a late claim application no later than

7    one year after the accrual of the cause of action is an absolute requirement and that appellants right

8    to bring an action against respondents was effectively barred at the end of the one-year statutory

9    period); *see also Coble v. Ventura County Health Care Agency*, 73 Cal.App.5th 417, 427 (Cal.

10   App. 2d Dist. 2021) ("the effect of missing the one-year deadline is to put the claimant out of court.

11   No remedy is available").

12       Plaintiffs had until June 6, 2021 to present a claim pursuant to Cal. Gov. Code § 910 (6

13   months plus a 120-day extension by executive order from the date of accrual). *Coble*, 73

14   Cal.App.5th. at 421-23. After June 6, 2021, Plaintiffs were required to present an application

15   pursuant to Cal. Gov. Code § 911.4. *See id.* (discussing the difference between a claim and

16   application). If Plaintiffs timely presented a late claim application between June 6 and August 6,

17   2021, but that application was denied or deemed denied, Plaintiffs then were required to obtain

18   relief by court order pursuant to Cal. Gov. Code § 946.6. Plaintiffs do not allege that they followed

19   this procedure for seeking leave to submit a late claim.  Although it is proper for federal courts to

20   determine whether a plaintiff bringing tort claims against a public entity has complied with the

21   claims act, "federal courts do not have jurisdiction over § 946.6 petitions." *Cherry v. Tyler*, No.

22   118CV01268LJOEPG, 2019 WL 1060045, at *12 (E.D. Cal. Mar. 6, 2019).

23       Plaintiffs state law claims are barred by the Government Claims Act and should be

24   dismissed without leave to amend. *See Coble*, 73 Cal.App.5th. at 427 (holding no remedy is

25   available after the one-year deadline).

26   **G.    THE SIXTH CLAIM (BANE ACT) FAILS TO ALLEGE SUFFICIENT FACTS**

27       Plaintiffs bring a claim against "All Defendants" for interference with civil rights in

28   violation of Cal. Civ. Code § 52.1. This claim, as to Officers Hollingshead and Williams, fails for

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF DIXON,
DIXON POLICE DEPARTMENT, CHIEF ROBERT THOMPSON, OFFICER GABRIEL HOLLINGSHEAD,
and OFFICER AARON WILLIAMS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT

the same reasons Plaintiffs' unlawful seizure, excessive force, unlawful search, and equal protection claims fail, and those arguments, *supra*, in sections A-D are incorporated herein. Consequently, this claim necessarily fails against the City of Dixon (or "Dixon Police Department/Chief Robert Thompson in his official capacity') who is sued on the basis of *respondeat superior* under Cal. Gov. Code § 815.2. (¶ 15). All Dixon Defendants respectfully request dismissal of this claim.

**H.   THE SEVENTH CLAIM (RALPH CIVIL RIGHTS ACT) FAILS TO ALLEGE SUFFICIENT FACTS**

Plaintiffs bring a claim against "All Defendants" for discriminatory violence and intimidation in violation of Cal. Civ. Code § 51.7. This claim, as to Officers Hollingshead and Williams, fails for the same reasons Plaintiffs' unlawful seizure, excessive force, unlawful search, and equal protection claims fail, and those arguments, *supra*, in sections A-D are incorporated herein. Additionally, this claim necessarily fails against the City of Dixon (or "Dixon Police Department/Chief Robert Thompson in his official capacity') who is sued on the basis of *respondeat superior* under Cal. Gov. Code § 815.2. (¶ 15). All Dixon Defendants respectfully request dismissal of this claim.

**I.   THE EIGHTH CLAIM (VIOLATION OF CA. PEN. CODE § 853.5) FAILS TO ALLEGE SUFFICIENT FACTS**

Plaintiffs bring a claim against "All Defendants" for Cal. Pen. Code § 853.5 violation (aiding and abetting) pursuant to Cal. Gov. Code § 815.6. This claim, as to Officers Hollingshead and Williams, fails for the same reasons Plaintiffs unlawful seizure claim fails, and those arguments, *supra*, in Section A are incorporated herein. Specifically, there are no non-conclusory allegations that either officer subjected Plaintiffs to custodial arrest. Additionally, this claim necessarily fails against the City of Dixon (or "Dixon Police Department/Chief Robert Thompson in his official capacity') who is sued on the basis of *respondeat superior* under Cal. Gov. Code § 815.2. (SAC at ¶ 15). All Dixon Defendants respectfully request dismissal of this claim.

**J.   THE NINTH CLAIM (FALSE IMPRISONMENT) FAILS TO ALLEGE SUFFICIENT ACTS**

Plaintiffs bring a claim against "All Defendants" for common law "false imprisonment." "[A]n actor is subject to liability to another for false imprisonment 'if (a) he acts intending to

1   confine the other or a third person within the boundaries fixed by the actor, and (b) his act directly

2   or indirectly results in such confinement of the other, and (c) the other is conscious of the

3   confinement or is harmed by it.' *Hernandez v. City of Reno*, 634 F.2d 668, 671 (Nev.1981) (quoting

4   Restatement (Second) of Torts § 35 (1965)).

5         There are no allegations that Officers Hollingshead and Williams arrested or detained any

6   of the Plaintiffs. Further, there are non-conclusory allegation that they acted jointly with the Solano

7   Sheriff's Department. Officers Hollingshead and Williams are lumped into these events by their

8   mere presence on scene. Thus, this claim fails for the same reasons Plaintiffs' unlawful seizure

9   claim fails, and those arguments, *supra*, in Section A are incorporated herein. This claim

10  necessarily fails against the City of Dixon (or "Dixon Police Department/Chief Robert Thompson

11  in his official capacity') who is sued on the basis of *respondeat superior* under Cal. Gov. Code §

12  815.2. (¶ 15). All Dixon Defendants respectfully request dismissal of this claim.

13
14  **K.**    **THE TENTH CLAIM (ASSAULT AND BATTERY) AND ELEVENTH CLAIM (IIED) FAIL TO ALLEGE SUFFICIENT FACTS**

15        Plaintiffs bring a claim against "All Defendants" for common law assault and battery and

16  intentional infliction of emotional distress. These claims should be dismissed for the same reasons

17  Plaintiffs unlawful seizure, excessive force, and unlawful search claims should be dismissed, i.e.

18  there are no non-conclusory allegations supporting either officers' personal involvement in any of

19  the events alleged. Specifically, there are no allegations of a threat to support a claim for assault

20  or allegations of contact to support a claim for battery. *See So v. Shin*, 212 Cal.App.4th 652, 668-

21  69 (2013); *see also Rosenbaum v. City of San Jose*, No. 20-CV-04777-LHK, 2021 WL 6092205,

22  at *24 (N.D. Cal. Dec. 23, 2021), citing *Austin B. v. Escondido Union Sch. Dist.*, 57 Cal. Rptr. 3d

23  454, 469 (Cal. Ct. App. 2007) (To properly state a claim that the officers aided and abetted in

24  battery, Plaintiff must allege that Defendants knew the conduct "constitute[ed] a breach of duty

25  and [gave] substantial assistance or encouragement to the other to so act" … a party cannot be held

26  liable for aiding and abetting an intentional tort because of "mere knowledge that a tort is being

27  committed and the failure to prevent it.")

28        Likewise, Plaintiffs fail to allege any extreme and outrageous conduct by the officers to

support a claim for IIED. *See Hughes v. Pair*, 46 Cal.4th 1035,1050-1051. Thus, the SAC fails to state a claim against Officers Hollingshead and Williams for common law assault and battery and IIED. Additionally, this claim necessarily fails against the City of Dixon (or "Dixon Police Department/Chief Robert Thompson in his official capacity') who is sued on the basis of *respondeat superior* under Cal. Gov. Code § 815.2. (¶ 15). All Dixon Defendants respectfully request dismissal of this claim.

**L.**   **THE TWELFTH CLAIM (NEGLIGENCE PER SE) AND THIRTEENTH CLAIM (NEGLIGENCE) FAIL TO ALLEGE SUFFICIENT FACTS**

Plaintiffs bring a claim against "All Defendants" for negligence *per se* based on a violation of Ca. Pen. Code 853.5 and for common law negligence. Plaintiffs' Negligence Per Se claim fails for the same reasons Plaintiffs' First and Eighth Claims, which are based on the same facts and a violation of the same statute, fails. Additionally, Plaintiffs' negligence claim fails for the same reasons Plaintiffs unlawful seizure, excessive force, unlawful search, and equal protection claims fail, and those arguments, *supra*, as set forth in Sections A-D are incorporated herein.

**M.**   **LEAVE TO AMEND SHOULD BE DENIED.**

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Dismissal without leave to amend is proper if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citing *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005)); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .").

The Dixon Defendants met and conferred with plaintiffs' counsel for two weeks over the bereft of facts in the SAC to support any claim. (Konz Declaration.). Defendants' counsel invited plaintiffs to move to amend their complaint if they could state clear and concise non-conclusory allegations of gun-pointing, physical contact, or a search, without violating Rule 11.   (Id.) Plaintiffs have chosen not to do so, presumably because they cannot. The contrast between the concrete details alleged against the Sheriffs' deputies and the vague, conclusory allegations against the Dixon officers further signals the lack of ability to save Plaintiffs claims through amendment.

Indeed, Plaintiffs concede by their complaint that Officers Hollingshead and Williams were not even present for the majority of the events alleged. (¶ 83). Leave to amend to should therefore be denied as futile.

## VI.  CONCLUSION

Plaintiffs' allegations do not give rise to any cause of action under any theory. Furthermore, Plaintiffs' state law claims are barred for failing to comply with the tort claim procedure requirements. The Dixon defendants respectfully request dismissal of all claims without leave to amend.

Dated:  March 3, 2022                           ANGELO, KILDAY & KILDUFF, LLP

                                                */s/ Jacob J. Graham*

                                        By:_____
                                            JACOB J. GRAHAM
                                            DERICK E. KONZ
                                            Attorneys for Defendants CITY OF
                                            DIXON, DIXON POLICE
                                            DEPARTMENT, CHIEF ROBERT
                                            THOMPSON, OFFICER GABRIEL
                                            HOLLINGSHEAD, and OFFICER
                                            AARON WILLIAMS

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF DIXON, DIXON POLICE DEPARTMENT, CHIEF ROBERT THOMPSON, OFFICER GABRIEL HOLLINGSHEAD, and OFFICER AARON WILLIAMS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT