1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| NAKIA V. PORTER, an individual on her own behalf and on behalf of her minor children, L.P. and A.P; JOE BERRY POWELL, JR., an individual; and CLIFTON POWELL, on behalf of his minor child, O.P.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SOLANO; SOLANO COUNTY SHERIFF'S OFFICE; SHERIFF THOMAS A. FERRARA, in his official capacity as Sheriff of Solano County; DEPUTY DALTON MCCAMPBELL, an individual; DEPUTY LISA MCDOWELL, an individual; SERGEANT ROY STOCKTON, an individual; DEPUTY CONNOR HAMILTON, an individual; DEPUTY CHRIS CARTER, an individual; CITY OF DIXON; DIXON POLICE DEPARTMENT; DIXON POLICE CHIEF ROBERT THOMPSON, in his official capacity as Dixon Chief of Police; OFFICER GABRIEL HOLLINGSHEAD, an individual, OFFICER AARON WILLIAMS, an individual, and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 2:21-CV-01473-KJM-JDP<br><br>**ORDER**<br><br>Hon. Kimberly J. Mueller<br>United States District Judge |

      The plaintiffs' request to seal the declarations of Nakia V. Porter, Clifton Powell, and Yasin M. Almadani, which were filed in support of an application to continue representing their minor children in this action. *See* Notice of Request to Seal, ECF No. 41. The defendants have not opposed the request. The court **denies the request**.

      "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). And there is a "strong presumption in favor of access" to the record unless an exception applies. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To seal documents filed in connection with a dispositive motion, parties must show there are "compelling reasons" for doing so. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 180 (9th Cir. 2006)). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id*.

      Here plaintiffs seek to seal the affidavits in support of their request that "Ms. Porter and Mr. Powell seek to be appointed as guardian's [sic] ad litem for their respective children." Application at 1, ECF No. 40. Thus, the good cause standard applies. *See Kamakana*, 447 F.3d at 180; *J.B. v. Banning Unified Sch. Dist.*, No. 18-2134, 2018 WL 6164312, at *2 (C.D. Cal. Oct. 18, 2018) (applying good cause standard request to seal an application for appointment of guardian ad litem). While the information in the declarations by Ms. Porter and Mr. Powell that can be used to identify the minor plaintiffs is sensitive, it does not present good cause for sealing the declarations in their entirety. Rather, the plaintiffs shall file their declarations with redactions of the minors' names, birthdates, and addresses to protect the privacy of the minor plaintiffs. *See* Local Rule 140. The court also finds there is no good cause to seal the declaration of counsel Almadani, which makes the disclosures required under this court's Local Rule 202(c).

      The court **denies the request to seal (ECF No. 41).**

      **SO ORDERED.**

DATED: June 30, 2022.

CHIEF UNITED STATES DISTRICT JUDGE