1  DERICK E. KONZ, SB No. 286902
    Email: dkonz@akk-law.com
2  JACOB J. GRAHAM, SB No. 340295
    Email: jgraham@akk-law.com
3  **ANGELO, KILDAY & KILDUFF, LLP**
4  Attorneys at Law
   601 University Avenue, Suite 150
5  Sacramento, CA  95825
6  Telephone: (916) 564-6100
   Telecopier: (916) 564-6263

7
8  Attorneys for Defendants CITY OF DIXON, DIXON POLICE DEPARTMENT, CHIEF
   ROBERT THOMPSON, OFFICER GABRIEL HOLLINGSHEAD, and OFFICER AARON
9  WILLIAMS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| NAKIA V. PORTER, et al. | Case No.: 2:21-cv-01473-KJM-JDP |
|---|---|
| Plaintiffs, | **DEFENDANTS CITY OF DIXON, DIXON POLICE DEPARTMENT, OFFICER GABRIEL HOLLINGSHEAD AND OFFICER AARON WILLIAM'S ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| COUNTY OF SOLANO, et al. | |
| Defendants. | |

Defendants CITY OF DIXON, DIXON POLICE DEPARTMENT, CHIEF ROBERT THOMPSON, OFFICER GABRIEL HOLLINGSHEAD, and OFFICER AARON WILLIAMS ("Defendants") answer the Second Amended Complaint ("SAC") as follows. Defendants generally denies all allegations except those specifically admitted.

### I. NATURE OF THE ACTION

1.  Paragraphs 1 through 2 are an introduction, consisting mostly of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the

truth of any factual allegations and deny any allegations of wrongdoing by Defendants.

## II. JURISDICTION AND VENUE

2. Responding to Paragraph 3, admit jurisdiction is proper.

3. Responding to Paragraph 4, admit venue is proper.

## III. PARTIES

**A.  PLAINTIFFS**

4. Responding to Paragraphs 5 through 13, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

5. Responding to Paragraph 14, this paragraph defines "Children" and "Plaintiff" as referenced throughout the SAC and does not require a response.

**B.  DEFENDANTS**

6. Responding to Paragraph 15, these are legal conclusions to which no response is required.

7. Responding to Paragraph 16, these are legal conclusions to which no response is required.

8. Responding to Paragraphs 17 through 21, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

9. Responding to Paragraph 22, admit that the City of Dixon is a municipality organized and existing under the laws of the State of California. The remaining allegations in Paragraph 22 are legal conclusions to which no response is required.

10. Responding to Paragraph 23, admit Dixon PD is a law enforcement agency operating in the City of Dixon, California in Solano County. The remaining allegations in Paragraph 23 are legal conclusions to which no response is required.

11. Responding to Paragraph 24, admit Gabriel Hollingshead was a police officer for the City of Dixon. The remaining allegations in Paragraph 24 are legal conclusions to which no response is required.

12. Responding to Paragraph 25, admit Aaron Williams was a police officer for the City of Dixon. The remaining allegations in Paragraph 25 are legal conclusions to which no

response is required.

## IV.  FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

**A.  CONSTITUTIONAL AND STATE LAW VIOLATIONS BY THE SOLANO COUNTY SHERIFF**

13. Responding to Paragraph 26, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

14. Responding to Paragraph 27, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

15. Responding to Paragraphs 28 through 32, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

16. Responding to Paragraph 33, this paragraph consists mostly of legal theory, conclusions, and arguments to which no response is required; however, to the extent an answer is deemed required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

17. Responding to Paragraph 34, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

18. Responding to Paragraphs 35 through 37, these paragraphs consist mostly of legal theory, conclusions, and argument to which no response is required; however to the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

19. Responding to Paragraphs 38 through 41, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

20. Responding to Paragraph 42, these paragraphs consist of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

21. Responding to Paragraph 43, deny Officer Hollingshead pointed a gun at any

Plaintiff. The remaining allegations in Paragraph 43 consist of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

22. Responding to Paragraph 44, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

23. Responding to Paragraph 45, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and on that basis denies the allegations.

24. Responding to Paragraph 46, deny that Officer Hollingshead and Officer Williams pointed their gun at Plaintiffs' vehicle or at any Plaintiff. The remaining allegations in Paragraph 46 consist of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegation.

25. Responding to Paragraph 47, deny that Officer Hollingshead and Officer Williams searched Plaintiffs' vehicle or shined a flashlight in any Plaintiffs' face. The remaining allegations in Paragraph 47 consist of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegation.

26. Responding to Paragraph 48, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

27. Responding to Paragraph 49, the allegations in this paragraph consist entirely of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegation.

28. Responding to Paragraph 50, admit Officer Hollingshead and Officer Williams arrived on scene after Nakia Porter had been detained and put in the back of the Solano Deputies'

vehicle. The remaining allegations in Paragraph 50 consist of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegation.

29. Responding to Paragraphs 51 through 55, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

30. Responding to Paragraph 56, the allegations in this paragraph consist entirely of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegation.

31. Responding to Paragraphs 57 through 60, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

32. Responding to Paragraph 61, these allegations consist of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies the allegation

33. Responding to Paragraph 62, the allegations in this paragraph consist entirely of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegation.

**B.   PLAINTIFFS' INJURIES**

34. Responding to Paragraph 63, this paragraph consist entirely of legal theory, conclusions, and arguments to which no response is required; however, to the extent an answer is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

35. Responding to Paragraphs 64 through 70, Defendants lack knowledge or

1  information sufficient to form a belief as to the truth of the allegations and on that basis denies the
2  allegations.

3      36.    Responding to Paragraph 71, deny Defendants caused Plaintiffs' alleged injuries.
4  Defendants lack knowledge or information sufficient to form a belief as to the truth of any
5  remaining allegations and on that basis denies the allegations.

6  **C.    PATTERN AND PRACTICE OF RACIAL PROFILING AND EXCESSIVE FORCE**

7      37.    Responding to Paragraphs 72 through 82, these paragraphs consist entirely of legal
8  theory, conclusions, and arguments to which no response is required; however, to the extent an
9  answer is deemed required, Defendants lack knowledge or information sufficient to form a belief
10 as to the truth of any remaining allegations and on that basis denies the allegations.

11 **D.    CONCEALMENT AND SPOLIATION OF EVIDENCE**

12     38.    Responding to Paragraph 83, these paragraphs consist of legal theory, conclusions,
13 and arguments to which no response is required; however, to the extent an answer is deemed
14 required, Defendants admit that they arrived on scene after Ms. Porter was detained.  Defendants
15 lack knowledge or information sufficient to form a belief as to the truth of any remaining
16 allegations and on that basis deny the allegations.

17     39.    Responding to Paragraphs 84 through 86, Defendants lack knowledge or
18 information sufficient to form a belief as to the truth of the allegations and on that basis denies the
19 allegations.

20     40.    Responding to Paragraphs 87 through 88, these paragraphs consist entirely of legal
21 theory, conclusions, and argument to which no response is required; however, to the extent an
22 answer is deemed required, Defendants lack knowledge or information sufficient to form a belief
23 as to the truth of the allegations and on that basis denies the allegations.

24 **E.    ADMINISTRATIVE CLAIM**

25     41.    Responding to Paragraphs 89 through 92, to the extent these paragraphs contain
26 legal theory, conclusions, and argument, no response is required or provided. Otherwise,
27 Defendants lack knowledge or information sufficient to form a belief as to the truth of the
28 allegations and on that basis denies the allegations.

42. Responding to Paragraphs 93 through 96, to the extent these paragraphs contain legal theory, conclusions, and argument, no response is required or provided. Otherwise, admit the dates relative to the City of Dixon are accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies those.

43. Responding to Paragraph 97, this is a legal conclusion for which no response is required or provided.

**FIRST CLAIM FOR RELIEF**

**FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**

**42 U.S.C. § 1983**

**(UNLAWFUL SEIZURE)**

**(AIDING AND ABETTING)**

44. Responding to Paragraph 98, Defendants incorporate herein all corresponding responses to every previous paragraph re-alleged and incorporated into this paragraph.

45. Responding to Paragraphs 98 through 103, the allegations in these paragraphs consist entirely of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants deny each and every allegation.

**SECOND CLAIM FOR RELIEF**

**FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**

**VIOLATION OF 42 U.S.C. § 1983**

**(EXCESSIVE FORCE)**

**(AIDING AND ABETTING)**

**(Against All Individual Defendants)**

46. Responding to Paragraph 104, Defendants incorporate herein all corresponding responses to every previous paragraph re-alleged and incorporated into this paragraph.

47. Responding to Paragraphs 105 through 108, the allegations in these paragraphs consist entirely of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants deny each and every allegation.

**THIRD CLAIM FOR RELIEF**

**FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**

**VIOLATION OF 42 U.S.C. § 1983**

**(UNLAWFUL SEARCH)**

**(AIDING AND ABETTING)**

**(Against All Individual Defendants)**

48. Responding to Paragraph 109, Defendants incorporate herein all corresponding responses to every previous paragraph re-alleged and incorporated into this paragraph.

49. Responding to Paragraphs 110 through 113, the allegations in these paragraphs consist entirely of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants deny each and every allegation.

**FOURTH CLAIM FOR RELIEF**

**FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**

**VIOLATION OF 42 U.S.C. § 1983**

**(FALSE STATEMENTS AND FABRICATION OF EVIDENCE)**

**(AIDING AND ABETTING)**

**(Against Defendants Stockton, McCampbell, and McDowell)**

50. Responding to Paragraph 114, Defendants incorporate herein all corresponding responses to every previous paragraph re-alleged and incorporated into this paragraph.

51. Responding to Paragraphs 115 through 118, the allegations in these paragraphs consist entirely of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants deny each and every allegation.

**FIFTH CLAIM FOR RELIEF**

**FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION**

**VIOLATION OF 42 U.S.C. § 1983**

**(EQUAL PROTECTION)**

**(AIDING AND ABETTING)**

**(Against All Individual Defendants)**

52. Responding to Paragraph 119, Defendants incorporate herein all corresponding responses to every previous paragraph re-alleged and incorporated into this paragraph.

53. Responding to Paragraphs 120 through 125, the allegations in these paragraphs consist entirely of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants deny each and every allegation.

**SIXTH CLAIM FOR RELIEF**

**CAL. CIV. CODE § 52.1 (TOM BANE CIVIL RIGHTS ACT)**

**(AIDING AND ABETTING)**

**(Against All Defendants)**

54. Responding to Paragraph 126, Defendants incorporate herein all corresponding responses to every previous paragraph re-alleged and incorporated into this paragraph.

55. Responding to Paragraphs 127 through 135, the allegations in these paragraphs consist entirely of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants deny each and every allegation.

**SEVENTH CLAIM FOR RELIEF**

**CAL. CIV. CODE § 51.7 (RALPH CIVIL RIGHTS ACT)**

**(AIDING AND ABETTING)**

**(Against All Defendants)**

56. Responding to Paragraph 136, Defendants incorporate herein all corresponding responses to every previous paragraph re-alleged and incorporated into this paragraph.

57. Responding to Paragraphs 137 through 143, the allegations in these paragraphs consist entirely of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants deny each and every allegation.

**EIGHTH CLAIM FOR RELIEF**

**CAL. GOV. CODE § 815.6**

**(Aiding & Abetting)**

**(Against All Defendants)**

58.     Responding to Paragraph 144, Defendants incorporate herein all corresponding responses to every previous paragraph re-alleged and incorporated into this paragraph.

59.     Responding to Paragraphs 145 through 150, the allegations in these paragraphs consist entirely of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants deny each and every allegation.

**NINTH CLAIM FOR RELIEF**

**FALSE IMPRISONMENT**

**(AIDING AND ABETTING)**

**(Against All Defendants)**

60.     Responding to Paragraph 151, Defendants incorporate herein all corresponding responses to every previous paragraph re-alleged and incorporated into this paragraph.

61.     Responding to Paragraphs 152 through 156, the allegations in these paragraphs consist entirely of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants deny each and every allegation.

**TENTH CLAIM FOR RELIEF**

**ASSAULT & BATTERY**

**(AIDING AND ABETTING)**

**(Against All Defendants)**

62.     Responding to Paragraph 157, Defendants incorporate herein all corresponding responses to every previous paragraph re-alleged and incorporated into this paragraph.

63.     Responding to Paragraphs 158 through 164, the allegations in these paragraphs consist entirely of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants deny each and every allegation.

**ELEVENTH CLAIM FOR RELIEF**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(AIDING AND ABETTING)**

**(Against All Defendants)**

64.     Responding to Paragraph 165, Defendants incorporate herein all corresponding

responses to every previous paragraph re-alleged and incorporated into this paragraph.

65. Responding to Paragraphs 166 through 171, the allegations in these paragraphs consist entirely of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants deny each and every allegation.

## TWELFTH CLAIM FOR RELIEF
## NEGLIGENCE PER SE
## (AIDING AND ABETTING)
## (Against All Defendants)

66. Responding to Paragraph 172, Defendants incorporate herein all corresponding responses to every previous paragraph re-alleged and incorporated into this paragraph.

67. Responding to Paragraphs 173 through 187, the allegations in these paragraphs consist entirely of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants deny each and every allegation.

## THIRTEENTH CLAIM FOR RELIEF
## NEGLIGENCE
## (MALICE AND OPPRESSION)
## (**Against All Defendants**)

1. Responding to Paragraph 188, Defendants incorporate herein all corresponding responses to every previous paragraph re-alleged and incorporated into this paragraph.

2. Responding to Paragraphs 189 through 1195, the allegations in these paragraphs consist entirely of legal theory, conclusions, and argument to which no response is required; however, to the extent an answer is deemed required, Defendants deny each and every allegation.

## **AFFIRMATIVE DEFENSES**

Without admitting any allegations of the Second Amended Complaint or assuming the burden of proof of any of the following claims, defenses, or issues, Defendants are informed and believe, and upon such information and belief allege the following affirmative defenses:

1. The SAC fails to state sufficient facts to support a claim for which relief can be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' state law claims are barred by their failure to comply with the California Tort Claims Act (Cal. Gov. Code §§ 900 *et seq.*)

4. Defendants Hollingshead and Williams are entitled to qualified immunity because their conduct did not violate clearly established law.

5. Defendants assert that if they are adjudged, decreed, or otherwise determined to be liable to Plaintiffs, then in that event, Defendants will be entitled to apportion the degree of fault or responsibility for said incident attributable to the Plaintiffs or to any other individual or entity. The amount of damages attributable to these answering Defendants is to be abated, reduced, or eliminated to the extent that the Plaintiffs' own negligence, or the negligence of any other individual or entity, contributed to the Plaintiffs' claimed damages, if any there were.

6. Defendants are entitled to statutory immunity over all state-law claims, including claims for punitive damages, pursuant to California Government Code Title 1, Division 3.6.

7. Defendants acted reasonably and in good faith at all times.

8. The SAC fails to state facts sufficient to constitute punitive damages.

9. Plaintiffs have failed to mitigate damages, if any there are.

10. Plaintiffs' claims are barred from relief pursuant to the doctrine of unclean hands.

11. Defendants contend that they cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory terms used in Plaintiffs' complaint and on that basis reserve the right to assert additional affirmative defenses.

**PRAYER**

WHEREFORE, Defendants request the following relief:

1. That Plaintiffs' Second Amended Complaint be dismissed in its entirety without leave to amend and that Plaintiffs take nothing by way of the Second Amended Complaint;

2. That Defendants be henceforth dismissed from this matter with prejudice;

3. That judgment be entered in favor of Defendants and against Plaintiffs;

4. That Defendants be awarded attorney's fees and costs of suit incurred under and by virtue of the laws stated above; and

5. For such other and further relief as the Court deems just and proper.

Dated:  February 1, 2023                              ANGELO, KILDAY & KILDUFF, LLP

                                                              */s/ Jacob J. Graham*
By:_____
  JACOB J. GRAHAM
  DERICK E. KONZ
  Attorneys for Defendants CITY OF DIXON, DIXON POLICE DEPARTMENT, OFFICER GABRIEL HOLLINGSHEAD and OFFICER AARON WILLIAMS

## **DEMAND FOR JURY TRIAL**

Defendants respectfully demand that all issues of fact be tried herein by and before a jury.

Dated:  February 1, 2023                              ANGELO, KILDAY & KILDUFF, LLP

                                                              */s/ Jacob J. Graham*
By:_____
  JACOB J. GRAHAM
  DERICK E. KONZ
  Attorneys for Defendants CITY OF DIXON, DIXON POLICE DEPARTMENT, OFFICER GABRIEL HOLLINGSHEAD and OFFICER AARON WILLIAMS