# EXHIBIT 6

**Remote Videotaped Deposition of:  Bill Elbert 30(b)(6)**

**Nakia V. Porter vs. County of Solano**

**April 8, 2024**



18881 Von Karman Ave., #1175, Irvine, CA 92612
P: 949.861.8680 | Email: info@kwcourtreporting.com

*"We work twice as hard for you"*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
NAKIA V. PORTER, an individual on    )
her own behalf and on behalf of      )
her minor children, L.P. and         )
A.P., et al.,                        )
                                     ) No.
          Plaintiffs,                ) 2:21-cv-01473-
                                     ) KJM-JDP
vs.                                  )
                                     )
COUNTY OF SOLANO, et al.,            )
                                     )
          Defendants.                )
```

REMOTE VIDEOTAPED 30(b)(6) DEPOSITION OF COUNTY OF SOLANO

(BILL ELBERT)

(Via Zoom Videoconference)

Fairfield, California

April 8, 2024

9:00 a.m. (PST)

REPORTED BY: Robin L. B. Osterode, CSR, RPR
             CA Certified Shorthand Reporter No. 7750
             AZ Certified Reporter No. 50695
             Job No. 122007

1

1    REMOTE VIDEOTAPED 30(b)(6) DEPOSITION OF SOLANO

2    COUNTY (BILL ELBERT) commenced at 9:00 a.m. (PST) on

3    April 8, 2024, at Fairfield, California, before Robin

4    L. B. Osterode, CSR, RPR, California Shorthand

5    Reporter No. 7750 and Arizona Certified Reporter

6    No. 50695.

7

8    APPEARANCES:

9

10       For Plaintiffs:

11           ALMADANI LAW
             By: Yasin M. Almadani
12           4695 MacArthur Court, Suite 1100
             Newport Beach, California 92660
13           (949) 877-7177
             YMA@LawAlm.com
14
             AI LAW, PLC
15           By: Ahmed Ibrahim
             4695 MacArthur Court, Suite 1100
16           Newport Beach, California 92660
             (949) 266-1240
17           aibrahim@ailawfirm.com

18

19       For Defendants County of Solano, Sheriff Thomas
         Ferrara, Deputy Dalton McCampbell, Sergeant Lisa
20       McDowell, Deputy Connor Hamilton and Deputy Chris
         Carter:
21
             HAWKINS PARNELL & YOUNG
22           By: Danielle Lewis
             33 New Montgomery, Suite 800
23           San Francisco, California 94105
             (415) 979-2073
24           dlewis@hpylaw.com

25

2

1       APPEARANCES (Continued):
2
3            For Defendant Sergeant Roy Stockton:
4                  BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
                   By: Gregory M. Fox
5                  2749 Hyde Street
                   San Francisco, California 04109
6                  (415) 353-0999
                   gfox@bfesf.com
7
8
9            The Videographer:
10                 Marcela Sandoval
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

3

I N D E X

| EXAMINATION BY | PAGE |
|---|---|
| Mr. Ibrahim.................................. | 7 |

CONFIDENTIAL PAGES OF THE TRANSCRIPT
(Page 91 - Page 92
and Exhibit 32)

EXHIBITS

| EXHIBITS | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 185 | Second Amended Notice of Deposition of County of Solano Pursuant to Rule 30(b)(6) and Request for Production of Documents and Electronically Stored Information; 6 pages | 18 |
| Exhibit 186 | County of Solano's Supplemental Responses to Plaintiff Nakia V. Porter's Requests for Production of Documents, Set Four; 171 pages | 104 |
| Exhibit 188 | Bates stamped documents SC2000 - SC2008 | 60 |
| Exhibit 189 | Document on Solano County Sheriff's Office letterhead, dated August 24, 2021; 1 page | 87 |
| Exhibit 190 | Document on Solano County Sheriff's Office letterhead, dated August 23, 2021; 1 page | 88 |

4

Bill Elbert 30(b)(6) - April 8, 2024

```
 1    INDEX (Continued):

 2                    PREVIOUSLY MARKED EXHIBITS

 3    EXHIBITS              DESCRIPTION                    PAGE

 4    Exhibit 32    (Previously identified and              90
                    attached hereto.)
 5                  (Confidential)

 6    Exhibit 90    (Previously identified and              99
                    attached hereto.)
 7
      Exhibit 91    (Previously identified and              94
 8                  attached hereto.)

 9

10

11

12                    INSTRUCTION NOT TO ANSWER

13                        Page     Line

14                         62       24

15

16

17

18

19

20

21

22

23

24

25

                               5
```

|    |                                                              |
|----|--------------------------------------------------------------|
| 1  |                              Fairfield, California           |
|    |                              April 8, 2024                   |
| 2  |                              9:00 a.m. (PST)                 |
| 3  |                                                              |
| 4  |         THE VIDEOGRAPHER:  We are now on the                 |
| 5  | record.  Today's date is April 8th, 2024 and the time        |
| 6  | is 9:11 a.m. Pacific time.  This is the video                |
| 7  | deposition of Captain Bill Elbert, in the matter of          |
| 8  | Nakia V. Porter, et al., versus County of Solano, et         |
| 9  | al., filed in the United States District Court,              |
| 10 | Eastern District of California.  Case number                 |
| 11 | 2:21-cv-01473-KJM-JDP.  This deposition is taking            |
| 12 | place via web videoconference, with all participants         |
| 13 | attending remotely.  My name is Marcela Sandoval.            |
| 14 | I'm the videographer representing KW Court Reporting.        |
| 15 |         Would the attendees of the conference                |
| 16 | please identify yourself and state whom you                  |
| 17 | represent, beginning with the questioning attorney.          |
| 18 |         MR. IBRAHIM:  Good morning.  My name is              |
| 19 | Ahmed Ibrahim.  I'm here on behalf of plaintiffs.            |
| 20 |         MR. ALMADANI:  Good morning.  Yasin                  |
| 21 | Almadani, on behalf of plaintiffs.                           |
| 22 |         MS. LEWIS:  Danielle Lewis for the witness           |
| 23 | and for Defendants County of Solano, Sheriff Thomas          |
| 24 | Ferrara, Deputy Dalton McCampbell, Sergeant Lisa             |
| 25 | McDowell, Deputy Connor Hamilton, and Deputy Chris           |

6

1  Carter.
2          MR. FOX:  Greg Fox for the Defendant Roy
3  Stockton.
4          MS. LEWIS:  I -- sorry, go ahead.
5          THE VIDEOGRAPHER:  Our court reporter today
6  is Robin Osterode, representing KW Court Reporting.
7  The court reporter will now swear in the witness.
8          MS. LEWIS:  Just -- just before we do that,
9  for the record, this is the deposition of County of
10 Solano pursuant to Rule 30(b)(6), as opposed to the
11 deposition of the individual Captain Bill Elbert that
12 was stated earlier.
13
14                    BILL ELBERT,
15 having been first duly sworn, was examined and
16 testified as follows:
17
18                  E X A M I N A T I O N
19 BY MR. IBRAHIM:
20     Q.   Good morning, sir.  Can you please state
21 and spell your full name for the record.
22     A.   Bill Elbert, B-i-l-l, E-l-b-e-r-t.
23     Q.   Do you have a middle name?
24     A.   No, sir.
25     Q.   And do you go by "William" or is it always

7

1    McDowell in this situation.

2        Q.    What do you mean by "based on my purview at

3    the time"?

4        A.    So because it's personnel-related, I would

5    have no information on that.  We're very -- we adhere

6    to a code where at the sheriff's office when it comes

7    to discipline it is very confidential, and unless

8    you're part of the process you wouldn't know about

9    it.

10       Q.    Okay.  To the best of your knowledge and

11   I'm asking, remember, as a Rule 30(b)(6)

12   representative on behalf of the Solano County

13   Sheriff's Office at this time.

14       A.    Yes, sir.

15       Q.    You're not aware of, to the best of your

16   knowledge, Sgt. McDowell, at the time Deputy

17   McDowell, at any point in time being disciplined by

18   the Solano County Sheriff's Office, correct?

19       A.    That is correct, sir.

20             MS. LEWIS:  For this incident?

21   BY MR. IBRAHIM:

22       Q.    For this incident, yes.

23       A.    That is correct, sir.

24       Q.    And you are aware that she was promoted to

25   Sgt. McDowell, correct?

72

1  A. Yes, sir.
2  Q. Okay. Now, at any point in time related to
3  this incident, to the best of your knowledge, as you
4  sit here as a Rule 30(b)(6) witness for -- for the
5  Solano County Sheriff's Office, did the office take
6  any measures to discipline Deputy McCampbell relating
7  to this incident?
8  A. The answer would be the same, sir, to the
9  best of my knowledge, there was none.
10  Q. And am I correct that he subsequent
11  to -- subsequent to the incident, he became a field
12  training officer, right?
13  A. I believe that is accurate. I don't have
14  the dates on that, sir.
15  Q. And I have the same question as to
16  Sgt. Stockton. To the best of your knowledge,
17  relating to this incident, the Solano County
18  Sheriff's Office never disciplined Sgt. Stockton at
19  any point in time, correct, relating to this
20  incident?
21  A. Yes, sir, to the best of my knowledge, that
22  is correct.
23  Q. And as to all three, when I say
24  "discipline," there were no reprimands, demotions,
25  suspensions, penalties, warnings, or any other action

73

1    taken against any of these three officers; am I
2    right?
3              MS. LEWIS:  Objection; compound, vague and
4    ambiguous, overbroad.
5              THE WITNESS:  To the best of my knowledge,
6    none of the three you mentioned had any kind of
7    discipline regarding this situation -- this case or
8    event.
9    BY MR. IBRAHIM:
10       Q.   And to the best of your knowledge, you're
11   not aware of any findings by anybody within the
12   Solano County Sheriff's Office finding that any of
13   these officers acted outside of County policies or
14   procedures; am I correct about that?
15             MS. LEWIS:  Same objection; vague and
16   ambiguous, overbroad, compound.
17             THE WITNESS:  I'm sorry, sir, I'm going to
18   have to ask you to repeat that.
19   BY MR. IBRAHIM:
20       Q.   Sure.  My question, let's start with
21   McDowell, to the best of your knowledge, as you sit
22   here today, related to this incident, you're not
23   aware of -- of McDowell having been found by the
24   office to have engaged in any wrongdoing or any
25   violation of any policy or procedure, correct?

74

```
1       A.      No, you're good.  Go ahead and scroll up.
2               Stop.
3               Oh, can you scroll down.
4               Scroll down one more, please.
5               Can you go up one page?
6       Q.      Right here?
7       A.      Yes, sir.
8               I don't see it here.
9       Q.      Okay.  Well, setting the policy manual to
10   the side for the moment, do you have an independent
11   recollection outside of the policy manual of what the
12   policy was as it relates to body cam and dash cams?
13      A.      So with body-worn cameras, the policy -- we
14   had several layers of the policy.  We never had a
15   "shall" operate your body-worn camera, it was the
16   deputy should recognize when it was appropriate to
17   turn on the body-worn camera for any kind of incident
18   that would cause, you know, recording of an incident.
19              There was -- we had a retention policy as
20   well that indicated you could not delete video
21   without the approval of the supervisor or
22   administrator, and it had to be written and it had to
23   be viewed before it could be deleted.  The retention
24   policy was dictated by Evidence.com, predicated on
25   type of incident.
```

                                  113

1          Q.    Anything else you recall as it relates to
2     policies in place as of August 6, 2020, relating to
3     body cam and dashcam footage?
4          A.    There was a part of the policy that spoke
5     about muting for admin purposes, and I do not recall
6     if it said you have to speak out to your camera, "I'm
7     muting this for admin purposes," but that was one of
8     the procedures we would do.  We would talk to the
9     camera, so it was in posterity.
10         Q.    So muting for admin purposes,
11    you're -- you're saying that there was a policy in
12    place as of August 6, 2020, where there was some
13    guidance for officers to mute in certain situations
14    for, "admin purposes"; is that right?
15         A.    That is my belief, yes.
16         Q.    Was this to mute the camera or -- just mute
17    the camera, not turn it off, right?
18         A.    No, sir.  So there's audio and video, and
19    there were times where you're speaking about
20    confidential information or things not related to an
21    incident, but you still wanted to record it for
22    posterity, you would have to express that.
23         Q.    What do you mean by "record for posterity"?
24         A.    You didn't want to turn off your body-worn
25    camera, you'd want to have a consistent recording of

114

1    the incident and time frame.
2         Q.    Okay.  But under this policy that you
3    described, confidential information would refer to
4    things that were not related to the investigation
5    that was going on and being recorded at the time,
6    correct?
7         A.    That is correct.
8         Q.    Okay.  So if there's still discussion about
9    the case at hand, then the guidance would not be to
10   mute the camera, correct?
11        A.    I -- so our general orders or our policy
12   are general in language and it would have to be
13   articulated by the person in question, as to the
14   relevance of muting their camera, for whatever reason
15   they thought was reasonable.  So it was not spelled
16   out specifically or in detail.
17        Q.    Okay.  All right.  Let's take a look at
18   topic number 7, going back to Exhibit 185.  You were
19   designated by the Solano County Sheriff's Office and
20   the County of Solano to testify regarding, "The
21   policies, procedures, practices, and protocols
22   relating to the storage, maintenance, and deletion of
23   law enforcement personnel's e-mails, text messages,
24   other instant messages, videos, photos, social media
25   postings, and other data from any devices issued to

115

```
 1                REPORTER'S CERTIFICATION
 2            I, Robin L. B. Osterode, Certified Shorthand
 3   Reporter in and for the State of California and
 4   Certified Reporter in and for the State of Arizona,
 5   do hereby certify:
 6            That the foregoing witness was by me duly
 7   sworn; that the deposition was then taken before me
 8   at the time and place herein set forth; that the
 9   testimony and proceedings were reported
10   stenographically by me and later transcribed into
11   typewriting under my direction; that the foregoing
12   is a true record of the testimony and proceedings
13   taken at that time.
14            I further certify that pursuant to FRCP
15   Rule 30(e)(1), before completion of the deposition,
16   review of the transcript { x } was {  } was not
17   requested by the deponent or a party.
18            I further certify I am neither financially
19   interested in the action nor a relative or employee
20   of any attorney or party to this action.
21            IN WITNESS WHEREOF, I have subscribed my
22   name on this 15th day of April, 2024.
23
24                          _____
                            ROBIN L. B. OSTERODE, CSR, RPR
25                          CA CSR No. 7750
                            AZ CR No. 50695
```

132