# EXHIBIT 13

**Remote Videotaped Deposition of: Dalton James McCampbell**

**Nakia V. Porter vs. County of Solano**

**January 25, 2024**



18881 Von Karman Ave., #1175, Irvine, CA 92612
P: 949.861.8680 | Email: info@kwcourtreporting.com

*"We work twice as hard for you"*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA V. PORTER, an individual on her own behalf and on behalf of her minor children, L.P. and A.P., et al., | ) ) ) ) ) No. |
| Plaintiffs, | ) 2:21-cv-01473- ) KJM-JDP |
| vs. | ) ) |
| COUNTY OF SOLANO, et al., | ) ) |
| Defendants. | ) ) |

REMOTE VIDEOTAPED DEPOSITION OF DALTON JAMES McCAMPBELL

(Via Zoom Videoconference)

Fairfield, California

January 25, 2024

9:00 a.m. (PST)

REPORTED BY: Robin L. B. Osterode, CSR, RPR
            CA Certified Shorthand Reporter No. 7750
            AZ Certified Reporter No. 50695
            Job No. 121297

1

```
 1    REMOTE VIDEOTAPED DEPOSITION OF DALTON JAMES McCAMPBELL

 2    commenced at 9:00 a.m. (PST) on January 25, 2024, at

 3    Fairfield, California, before Robin L. B. Osterode,

 4    CSR, RPR, California Shorthand Reporter No. 7750 and

 5    Arizona Certified Reporter No. 50695.

 6

 7                              * * *

 8    APPEARANCES:

 9

10       For Plaintiffs:

11           ALMADANI LAW
             By: Yasin M. Almadani
12           4695 MacArthur Court, Suite 1100
             Newport Beach, California 92660
13           (949) 877-7177
             YMA@LawAlm.com
14
             AI LAW, PLC
15           By: Ahmed Ibrahim
             4695 MacArthur Court, Suite 1100
16           Newport Beach, California 92660
             (949) 266-1240
17           aibrahim@ailawfirm.com

18       For Defendants:

19           HAWKINS PARNELL & YOUNG
             By: Danielle Lewis
20           33 New Montgomery, Suite 800
             San Francisco, California 94105
21           (415) 979-2073
             dlewis@hpylaw.com
22

23       The Videographer:

24           Vladimir Korneychuk

25

                              2
```

```
1                        I N D E X

2    EXAMINATION BY                                    PAGE

3    Mr. Almadani.................................  6

4

5

6              CONFIDENTIAL PORTIONS OF THE TRANSCRIPT

7                      (Page 35 - Page 39)

8                      (Page 290 - Page 293)

9                      (Exhibits 32 and 36)

10

11

12                           EXHIBITS

13   EXHIBITS            DESCRIPTION                  PAGE

14   Exhibit 10    Bates stamped documents             74
                   SC0006 - SC0008
15
     Exhibit 32    Bates stamped documents             34
16                 SC0176 - SC0178
                   (Confidential)
17
     Exhibit 36    Bates stamped documents            289
18                 SC0320 - SC0327
                   (Confidential)
19
     Exhibit 40    Bates stamped documents            292
20                 SC0413 - SC0415

21   Exhibit 78    Defendant Dalton McCampbell's       12
                   Responses to Plaintiff Nakia
22                 V. Porter's Interrogatories,
                   Set One; 11 pages
23

24

25

                                3
```

Dalton James McCampbell - January 25, 2024

```
1    INDEX (Continued):

2                    PREVIOUSLY MARKED EXHIBITS

3    EXHIBITS              DESCRIPTION                    PAGE

4    Exhibit 11A   (Previously identified and              75
                   attached hereto.)
5
     Exhibit 12    (Previously identified and             212
6                  attached hereto.)

7    Exhibit 101   (Previously identified and             132
                   attached hereto.)
8
     Exhibit 103   (Previously identified and             152
9                  attached hereto.)

10   Exhibit 151   (Previously identified and              48
                   attached hereto.)
11
     Exhibit 152   (Previously identified and              62
12                 attached hereto.)

13   Exhibit 156   (Previously identified and             114
                   attached hereto.)
14
     Exhibit 157   (Previously identified and              45
15                 attached hereto.)

16   Exhibit 160   (Previously identified and              21
                   attached hereto.)
17

18

19

20

21

22

23

24

25
```

4

|   |   |
|---|---|
| 1 | Fairfield, California |
| 2 | January 25, 2024 |
|   | 9:00 a.m. (PST) |
| 3 |   |
| 4 | THE VIDEOGRAPHER: I'm Vladimir Korneychuk |
| 5 | and I represent KW Court Reporting, LLC, in Irvine, |
| 6 | California. I'm not financially interested in this |
| 7 | action, nor am I a relative or employee of any |
| 8 | attorney or any of the parties. |
| 9 | The date is January 25th, 2024, the time is |
| 10 | 9:05 a.m. This deposition is taking place by |
| 11 | videoconference, with parties attending from various |
| 12 | locations, case number 2:21-cv-01473-KJM-JDP, in the |
| 13 | United States District Court, Eastern District of |
| 14 | California, entitled Porter, et al., versus County of |
| 15 | Solano, et al. |
| 16 | This deposition is being taken on behalf of |
| 17 | the plaintiff. This begins media one of the video |
| 18 | deposition of Dalton McCampbell. The court reporter |
| 19 | is Robin Osterode. |
| 20 | Would counsel please give their appearances |
| 21 | for the record, after which the reporter will swear |
| 22 | in the witness. |
| 23 | MR. ALMADANI: Yasin Almadani, for |
| 24 | plaintiffs. |
| 25 | MR. IBRAHIM: Good morning, Ahmed Ibrahim |

5

```
 1    for plaintiffs.
 2            MS. LEWIS:  Danielle Lewis, for defendants
 3    and for the witness.
 4
 5                DALTON JAMES McCAMPBELL,
 6    having been first duly sworn, was examined and
 7    testified as follows:
 8
 9                 E X A M I N A T I O N
10    BY MR. ALMADANI:
11        Q.   Mr. McCampbell, can you please state your
12    full name for the record.
13        A.   Dalton James McCampbell.
14        Q.   Is that the only name you've used?
15        A.   Yes.
16        Q.   You don't have any other alias?
17        A.   No.
18        Q.   Are you married?
19        A.   Yes.
20        Q.   What is the name of your spouse?
21            MS. LEWIS:  You can answer.
22            THE WITNESS:  Kelly McCampbell.
23    BY MR. ALMADANI:
24        Q.   And what does Ms. McCampbell do for a
25    living?
```

6

1    misrepresentations, correct?
2         A.   Yes.
3         Q.   You understood that to be your duty as of
4    August 6, 2020, correct?
5         A.   Correct.
6         Q.   And, in fact, that's kind of been your duty
7    the entire time you've been a peace officer, because
8    that's part of your basic course training, correct?
9         A.   Correct.
10        Q.   One of the primary reasons, you know,
11   according to your training and your understanding,
12   that you must be correct and accurate and not
13   misrepresent information in a report is that these
14   reports are submitted to the DA's office for
15   prosecutors and judges to see, to make important
16   decisions about people's lives, correct?
17        A.   Absolutely, yes.
18        Q.   And these decisions, you know, when the
19   reports are submitted to the prosecutor's office, are
20   prosecutorial decisions, in fact, whether to
21   prosecute a person or not, right?
22        A.   Yes.
23        Q.   So as a peace officer, of course, and
24   you've testified to this, it is important to be
25   accurate in your reports, right?

                              43

```
1        A.    Yes.
2        Q.    The reports in this case that you authored,
3    and that Deputy McDowell at the time authored, were
4    going to be submitted to the prosecutor's office for
5    Ms. Porter's prosecution, correct?
6        A.    Yes.
7        Q.    And you and Deputy McDowell had arrested
8    Ms. Porter and taken her to jail to be held and
9    charged, correct?
10            MS. LEWIS:  Objection; lacks foundation,
11    assumes facts not in evidence.
12            Go ahead.
13            And it's also compound.
14            Go ahead.
15            THE WITNESS:  So, yes, Ms. Porter was
16    placed under arrest, however, I did not transport her
17    and/or book her into the Solano County Jail.
18    BY MR. ALMADANI:
19        Q.    But based on your statements that night and
20    based on what you were asking folks to do,
21    somebody -- some sheriff in the Solano County
22    Sheriff's Office did take her to jail, correct?
23        A.    Correct.
24        Q.    And then you and Deputy McDowell at least
25    authored some reports -- police reports to be
```

                              44

```
 1    BY MR. ALMADANI:
 2        Q.   And that's Penal Code Section 853.5, right?
 3        A.   Yes.
 4        Q.   And this -- your training materials teach
 5    you a person arrested for an infraction may be taken
 6    into custody if he or she fails to present
 7    satisfactory identification, correct?
 8        A.   Yes.
 9        Q.   Okay.  And 853.5 is the California Penal
10    Code section that's cited in your training materials,
11    right?
12        A.   Yes.
13        Q.   And other than a DUI, when somebody is
14    normally stopped for a, you know, running a traffic
15    light, for speeding, for having tinted windows, for
16    having mismatched license plates, those are traffic
17    infractions, correct?
18        A.   Yes.
19        Q.   That's not a misdemeanor, right, to have a
20    mismatched license plate?
21        A.   No.
22        Q.   Okay.  I'm directing your attention to
23    Exhibit 10.  We'll mark that.
24             (Marked for identification Exhibit 10.)
25    BY MR. ALMADANI:
```

74

```
 1          Q.    And that is the police report or sheriff's
 2    report that you authored with respect to the incident
 3    with Ms. Porter and Mr. Powell on August 6th, and the
 4    kids, on August 6, 2020, correct?
 5          A.    Yes.
 6          Q.    Let me take you to this report here.
 7                You write -- and I'm going to start from
 8    the top.
 9                MS. LEWIS:  Well, hold on.  Did you
10    establish this is his report?  Sorry, I missed that.
11                MR. ALMADANI:  I did.
12          Q.    This is your report, correct?
13                MS. LEWIS:  Did you show him the -- can we
14    just see the bottom?
15                THE WITNESS:  Yes, that's my name at the
16    bottom.
17    BY MR. ALMADANI:
18          Q.    Actually, before I go to that report, I'm
19    going to go to Exhibit 11A.
20                (Previously marked for identification
21         Exhibit 11A.)
22    BY MR. ALMADANI:
23          Q.    Do you have an understanding of what a CAD
24    incident report is?
25          A.    Yes.
```

75

```
 1         A.   Yes, underneath the -- beneath where the
 2    seat would be, but placed on the floorboard area.
 3         Q.   Okay.  So I guess I'm having difficulty
 4    understanding.  With the vehicle, the SUV being
 5    there -- let's hold that thought.  I want to put up
 6    the body cam.  So we're going to come back, okay, I'm
 7    going to play this, but we're going to come back to
 8    Mr. -- the furtive movement, quickly duck down and
 9    we're going to come back to Mr. Powell reaching, I
10    guess, under the passenger seat.  Okay?
11         A.   I'd like to clarify.  I said the floorboard
12    area, not specifically under the seat.
13         Q.   Okay.  Floorboard area, sure.
14              MS. LEWIS:  Can you just identify the
15    exhibit for the record, before you move on,
16    Mr. Almadani?
17              (Previously marked for identification
18         Exhibit 103.)
19              MR. ALMADANI:  This is Exhibit 103, okay?
20    This is your body camera.
21         Q.   Understood, Mr. --
22         A.   Yes.
23         Q.   -- Mr. McCampbell?  Okay.  And I, just for
24    the record, before you had indicated you had
25    testified when I was trying to get to the precise
```

152

Dalton James McCampbell - January 25, 2024

```
 1                REPORTER'S CERTIFICATION
 2            I, Robin L. B. Osterode, Certified Shorthand
 3   Reporter in and for the State of California and
 4   Certified Reporter in and for the State of Arizona,
 5   do hereby certify:
 6            That the foregoing witness was by me duly
 7   sworn; that the deposition was then taken before me
 8   at the time and place herein set forth; that the
 9   testimony and proceedings were reported
10   stenographically by me and later transcribed into
11   typewriting under my direction; that the foregoing
12   is a true record of the testimony and proceedings
13   taken at that time.
14            I further certify that pursuant to FRCP
15   Rule 30(e)(1), before completion of the deposition,
16   review of the transcript { x } was {  } was not
17   requested by the deponent or a party.
18            I further certify I am neither financially
19   interested in the action nor a relative or employee
20   of any attorney or party to this action.
21            IN WITNESS WHEREOF, I have subscribed my
22   name on this 12th day of February, 2024.
23
24                      _____
                        ROBIN L. B. OSTERODE, CSR, RPR
25                      CA CSR No. 7750
                        AZ CR No. 50695
                                 298
```