1  DANIELLE K. LEWIS (SBN 218274)
   dlewis@hpylaw.com
2  MILES F. MAURINO (SBN 319377)
   mmaurino@hpylaw.com
3  HAWKINS PARNELL & YOUNG LLP
   33 New Montgomery, Suite 800
4  San Francisco, CA 94105-4537
   Telephone: 415.766.3200
5  Facsimile: 415.766.3250

6  Attorneys for Defendants
   COUNTY OF SOLANO (erroneously sued as
7  SOLANO COUNTY SHERIFF'S OFFICE),
   SHERIFF THOMAS A. FERRARA, DALTON
8  MCCAMPBELL, LISA MCDOWELL,
   CONNOR HAMILTON, CHRISTOPHER
9  CARTER

10  GREGORY M. FOX (SBN 070876)
    gfox@bfesf.com
11  BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
    2749 Hyde Street
12  San Francisco, California 94109
    Telephone: (415) 353-0999
13  Facsimile: (415) 353-0990

14

15  Attorneys for Defendant
    ROY STOCKTON

16

                  UNITED STATES DISTRICT COURT
17
                  EASTERN DISTRICT OF CALIFORNIA
18

19  NAKIA V. PORTER, an individual on her      Case No. 2:21-cv-01473-KJM-JDP
    own behalf and on behalf of her minor
20  children, L.P. and A.P.; JOE BERRY         **DEFENDANTS' OPPOSITION TO**
    POWELL, JR., an individual; and CLIFTON    **PLAINTIFFS' MOTION FOR LEAVE TO**
21  POWELL, on behalf of his minor child, O.P.,  **FILE THIRD AMENDED COMPLAINT**

22              Plaintiffs,

                                                Date:        July 12, 2024
23         v.                                   Time:        10:00 a.m.
                                                Judge:       Hon. Kimberly J. Mueller
24  COUNTY OF SOLANO, et al.,                   Courtroom:   3, 15th Floor

25              Defendants.

26

27

28

_Hawkins Parnell & Young_ LLP
ATTORNEYS AT LAW

1

# <u>TABLE OF CONTENTS</u>

2   I.     INTRODUCTION ……………………………………………………………1

3   II.    FACTUAL BACKGROUND………………………………………………….1

4         A.  Background Related to Pleadings………………………………………....1

5         B.  Background Related to the Court's Pretrial Order…………………………….....3

6   III.   LEGAL STANDARD………………………………………………………...8

7   IV.    LEGAL ARGUMENT…………………………………………………….......9

8         A.  Plaintiffs' Motion Should Be Denied As Plaintiffs Did Not Seek Relief
             Required Under Federal Rules of Civil Procedures and This Court's
9            Standing Order…………………………………………………………9

10        B.  Plaintiff's Motion Should Be Denied As Plaintiff Were Not Diligent……………......11

11               1.   Plaintiffs Were Not Diligent In Conducting Discovery………………………11

12               2.   Plaintiffs Were Not Diligent In Seeking Relief From The Court……………13

13        C.  Defendants Will Be Severely Prejudiced By The Filing Of A Third
             Amended Complaint…………………………………………………………15
14

15               1.   Defendant Will Be Severely Prejudiced As The Deadlines Related
                     To Expert Disclosures Have Passed……………………………………15
16

17               2.   Defendants Will Be Severely Prejudiced As To Its Dispositive Motions……17

18               3.   Defendants Would Be Prejudiced As Additional Discovery Will
                     Be Required…………………………………………………………18
19

20        D.  Plaintiffs' Motion to Amend Is Futile As Plaintiffs' Third Amended Complaint
             Would Not Survive a Motion to Dismiss………………………………………18
21

22        E.  Defendants Maintain That Discovery Should Be Reopened and Case Deadlines
             Continued…………………………………………………………………20
23

24  V.     CONCLUSION…………………………………………………………..20

25

26

27

28

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
465 F.3d 946 (9th Cir. 2006) ................................................................11

*Barstad v. Murray County*,
420 F.3d 880 (8th Cir. 2005) ................................................................13

*Chodos v. West Publ'g Co.*,
292 F.3d 992 (9th Cir. 2002) ..................................................................8

*Coward v. Town & Vill. of Harrison*,
665 F. Supp. 2d 281 (S.D.N.Y. 2009) ...................................................19

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ................................................................9

*Foman v. Davis*,
371 U.S. 178 (1962) ................................................................................8

*Foote v. Nevada Dep't of Prisons*,
No. 97-15410, 1998 U.S. App. LEXIS 2924 (9th Cir. Feb. 20, 1998) ....17

*James Madison Ltd. v. Ludwig*,
82 F.3d 1085 (D.C. Cir. 1996) ..............................................................18

*Johnson v. Cnty. of Kern*,
No. 1:20-cv-01062-JLT-BAK (EPG) 2022 U.S.Dist.LEXIS 98253 (E.D.Cal.
June 1, 2022) ........................................................................................16

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) ..................................................................9

*Krohne Fund, LP v. Simonsen*,
681 Fed.Appx. 635 (9th Cir. 2017) ........................................................12

*Learjet, Inc. v. Oneok, Inc.* (*In re W. States Wholesale Nat. Gas Antitrust Litig.*),
715 F.3d 716 (9th Cir. 2013) ................................................................14

*Mateos-Sandoval v. Cnty. of Sonoma*,
942 F.Supp.2d 890 (N.D. Cal. 2013), aff'd sub nom ............................19

*Monell v. Department of Social Services*,
436 U.S. 658 (1978)................................................................... *passim*

*Priddy v. Edelman*,
883 F.2d 438 (6th Cir. 1989) ................................................................18

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

iii

*Rosenbaum v. City and County of San Francisco*,
    484 F.3d 1142 (9th Cir. 2007) ...................................................................20

*Sadowski v. Bombardier, Ltd.*,
    539 F.2d 615 (7th Cir. 1976) ....................................................................20

*Siliga v. Deutsche Bank Nat'l Trust Co.*,
    637 Fed. Appx. 438 (9th Cir. 2016)...........................................................12

*SmithCo. Mfg. v. Haldex Brake Prods. Corp.*,
    267 F.R.D. (N.D. Iowa 2010) ...................................................................14

*Spears v. City and County of San Francisco*,
    2008 WL 2812022 (N.D. Cal. Jul. 21, 2008)............................................19

*Trevino v. Gates*,
    99 F.3d 911 (9th Cir. 1996) ......................................................................20

*Whitaker v. Garcetti*,
    486 F.3d 572 (9th Cir. 2007) ....................................................................18

*Zivkovic v. S. Cal. Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) ..................................................................13

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009) .................................................................8, 15

**Federal Statutes**

42 U.S.C. § 1983................................................................................................1, 2

**State Statutes**

California Penal Code § 832.5 .................................................................................15

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT
2:21-cv-01473-KJM-JDP

**I.   INTRODUCTION**

Defendants County of Solano (erroneously sued as Solano County Sheriff's Office), Sheriff Thomas A. Ferrara, Dalton McCampbell, Lisa McDowell, Chris Carter, and Connor Hamilton, along with Defendant Roy Stockton (collectively "Defendants"), hereby bring this Opposition to Plaintiffs' Motion for Leave to File Third Amended Complaint.  Plaintiffs have failed to show that they are entitled to the relief sought and their Motion should be denied.

**II.   FACTUAL BACKGROUND**

**A.   Background Related to Pleadings**

Plaintiffs Nakia Victoria Porter ("Porter") and Joe Berry Powell, Jr. ("Powell") filed their initial Complaint on August 18, 2021.  (ECF No. 1)  The Complaint alleged the following claims for relief:  (1) Violation of 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments – Unlawful Seizure; (2) Violation of 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments – Excessive Force; (3) Violation of 42 U.S.C. § 1983 – Fourth, Fifth, and Fourteenth Amendments – False Statements and Fabrication of Evidence; (4) Violation of 42 U.S.C. § 1983 – Fourteenth Amendment – Equal Protection; (5) Violation of Civil Code § 52.1 (Tom Bane Civil Rights Act); (6) Violation of Civil Code § 51.7; (7) Violation of Civil Code § 815.6; (8) False Imprisonment; (9) Assault and Battery; (10) Intentional Infliction of Emotional Distress; (11) Negligence Per Se; and (12) Negligence.  Additionally, the Complaint alleged liability under *Monell*.

On December 16, 2021, Plaintiffs Porter and Powell, and minor plaintiffs L.P., A.P., and O.P. (collectively "Plaintiffs") filed a First Amended Complaint alleging the following claims for relief the same claims for relief as in the initial Complaint.  (ECF No. 12)  The First Amended Complaint removed any reference to any liability under *Monell*.  (*Id.*)

On January 7, 2022, Plaintiffs filed a Second Amended Complaint alleging the following claims for relief: (1) Violation of 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments – Unlawful Seizure; (2) Violation of 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments – Excessive Force; (3) Violation of 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments – Unlawful Search; (4) Violation of 42 U.S.C. § 1983 – Fourth, Fifth, and Fourteenth; Amendments – False Statements and Fabrication of Evidence; (5) Violation of 42 U.S.C. § 1983

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

– Fourteenth Amendment – Equal Protection; (6) Violation of Civil Code § 52.1 (Tom Bane Civil Rights Act); (7) Violation of Civil Code § 51.7; (8) Violation of Civil Code § 815.6; (9) False Imprisonment; (10) Assault and Battery; (11) Intentional Infliction of Emotional Distress; (12) Negligence Per Se; and (13) Negligence.  (ECF No. 15)  Plaintiffs added additional named Defendants.  The Second Amended Complaint did not contain any reference to a *Monell* claim.

On December 20, 2022, the Court issued an Order granting, in part, Dixon Defendants' Motion to Dismiss.  (ECF No. 51)  The Court granted Plaintiffs leave to amend as to several claims for relief.  (*Id.*)  In connection with these claims, the Court ordered that "Plaintiffs shall file any Amended Complaint within 30 days." (*Id.*)  Plaintiff did not file an Amended Complaint.

Plaintiffs' proposed Third Amended Complaint alleges the following claims for relief: (1) Violation of 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments – Unlawful Seizure;  (2) Violation of 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments – Excessive Force; (3) Violation of 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments – Unlawful Search; (4) Violation of 42 U.S.C. § 1983 – Fourth, Fifth, and Fourteenth; Amendments – False Statements and Fabrication of Evidence; (5) Violation of 42 U.S.C. § 1983 – Fourteenth Amendment – Equal Protection; **(6) Violation of 42 U.S.C. § 1983 – *Monell* Violations**; (7) Violation of Civil Code § 52.1 (Tom Bane Civil Rights Act); (8) Violation of Civil Code § 51.7; (9) Violation of Civil Code § 815.6; (10) False Imprisonment; (11) Assault and Battery; (12) Intentional Infliction of Emotional Distress; (13) Negligence Per Se; and (14) Negligence.

While Plaintiffs' Motion for Leave to File a Third Amended Complaint represents that the modifications only seek to add a single claim for relief, Plaintiffs' proposed Third Amended Complaint significantly alters the allegations against all Defendants.  The proposed Third Amended Complaint consists of 254 paragraphs of allegations and spans 76 pages.  (ECF No. 110-1, Exh. A; Lewis Decl. ¶ 39)  In contrast, the Second Amended Complaint consisted of 195 paragraphs of allegations and is 49 pages in length. (ECF No. 15; Lewis Decl. ¶ 39)

**B.    Background Related to the Court's Pretrial Order**

On December 23, 2021 and January 3, 2022, counsel met and conferred pursuant to Federal Rule of Civil Procedure 26(f).  (Declaration of Danielle K. Lewis ("Lewis Decl.", ¶8)) Following the initial conference, counsel for Plaintiffs provided counsel for Defendants a draft of the Joint Case Management Statement.  (*Id.*)  That statement included the following language: "Plaintiffs require additional discovery to ascertain whether the operative complaint will need to be amended as concerning additional defendants, theories of liability, and causes of action, which includes, inter alia, the reassessment of liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), considering discovery.  Allowing for the resolution of any discovery disputes that may arise, the parties request that the deadline to amend the pleadings be set as May 13, 2022."  (*Id.*)  The Parties proposed several revisions, but that language remained other than the deadline being changed to May 30, 2022.  The parties did not have any additional discussions regarding the filing of an amended pleading. (*Id.*)

On January 3, 2022, the Parties filed a Joint Case Management Statement.  (ECF No. 14; Lewis Decl. ¶9, Exh. A)  That statement included the following: "Plaintiffs require additional discovery to ascertain whether the operative complaint will need to be amended as concerning additional defendants, theories of liability, and causes of action, which includes, inter alia, the reassessment of liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), considering discovery. Allowing for the resolution of any discovery disputes that may arise, the parties request that the deadline to amend the pleadings be set as May 30, 2022."  (ECF No. 14 at 8:12-17; Lewis Decl. ¶9, Exh. A)

On February 14, 2022, following the filing of Plaintiffs' Second Amended Complaint, counsel for the City of Dixon defendants became involved in the case.  (Lewis Decl. ¶10)   On February 17, 2022 and February 18, 2022, counsel for the Parties met and conferred on an Amended Joint Case Management Statement.  (*Id.*)  The proposed draft from Plaintiffs' counsel included the same language related to filing amended pleadings: "Plaintiffs require additional discovery to ascertain whether the operative complaint will need to be amended as concerning additional defendants, theories of liability, and causes of action, which includes, inter alia, the

1   reassessment of liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978),

2   considering discovery.   Allowing for the resolution of any discovery disputes that may arise, the

3   parties request that the deadline to amend the pleadings be set as May 30, 2022."   The parties

4   did not have any additional discussions regarding the filing of an amended pleading.  (*Id.*)

5        On February 18, 2022, the Parties filed an Amended Joint Case Management Statement.

6   (ECF No. 23; Lewis Decl. ¶11, Exh. B)  That statement included the following: "Plaintiffs

7   require additional discovery to ascertain whether the operative complaint will need to be

8   amended as concerning additional defendants, theories of liability, and causes of action, which

9   includes, inter alia, the reassessment of liability under *Monell v. Department of Social Services*,

10  436 U.S. 658 (1978), considering discovery. Allowing for the resolution of any discovery

11  disputes that may arise, the parties request that the deadline to amend the pleadings be set as May

12  30, 2022."  (ECF No. 23 at 9:2-7; Lewis Decl. ¶11, Exh. B)

13       On May 13, 2022, the Parties filed a Second Amended Joint Case Management

14  Statement.  (ECF No. 35; Lewis Decl. ¶12, Exh. C)  That statement included the following:

15  "Plaintiffs require additional discovery to ascertain whether the operative complaint will need to

16  be amended as concerning additional defendants, theories of liability, and causes of action,

17  which includes, inter alia, the reassessment of liability under *Monell v. Department of Social*

18  *Services*, 436 U.S. 658 (1978), considering discovery. Allowing for the resolution of any

19  discovery disputes that may arise, **the parties request that the deadline to amend the**

20  **pleadings be set as August 22, 2022**."  (ECF No. 35 at 8:5-9, emphasis added; Lewis Decl. ¶12,

21  Exh. C)

22       On May 27, 2022, the Parties participated in a Scheduling Conference and Motion

23  Hearing before Chief District Judge Kimberly J. Mueller.  (Lewis Decl. ¶13)  Following that

24  conference, the Court issued a Minute Order, which included, in pertinent part:  "After careful

25  consideration of the parties' comments, the court ORDERED the following pre-trial case

26  schedule:  **amendments to the pleadings shall be completed by 8/22/2022**, fact discovery shall

27  be completed by 2/6/2023; expert disclosures shall be completed by 2/27/2023; rebuttal expert

28  witnesses shall be exchanged by 3/27/2023; and all dispositive motions, except for motions for

1  continuances, temporary restraining orders or other emergency applications, shall be heard by

2  4/3/2023. . ." (ECF No. 38, emphasis added; Lewis Decl. ¶14, Exhibit D)  Further, the Minute

3  Order provided that:  "The case schedule will become final without further order of the court

4  unless objections are filed within fourteen (14) calendar days of this order. The schedule, once

5  final, shall not be modified except by leave of court upon showing of good cause. All provisions

6  of the court's standing scheduling order for Civil Cases filed concurrently herewith are

7  incorporated therein." (ECF No. 38; Lewis Decl. ¶14, Exhibit D)  There were no objections filed

8  to the Court's Minute Order. (Lewis Decl. ¶14)

9         On January 2, 2023, counsel for Plaintiffs provided counsel for Defendants with a draft

10  Ex Parte Application to Continue Case deadlines.  (Lewis Decl., ¶17)  That application sought to

11  "extend discovery, expert, and dispositive motions deadlines by approximately six months, and

12  the settlement conference date by approximately two months."  The application did not make

13  reference to any "agreement" between counsel regarding the amendment of pleadings.  (*Id.*)  The

14  application did not seek to extend the deadline for the filing of amendments to pleadings. (*Id.*)  In

15  fact, the deadline for the filing of amendments to pleadings had passed four months before.  (*Id.*)

16         On January 2 and 3, 2023, counsel for the Parties continued meet and confer efforts and

17  ultimately agreed on filing a Stipulation rather than an ex parte application.  (Lewis Decl. ¶18)

18  There was no discussion regarding extending the deadline for filing of amendments to pleadings.

19  There was no discussion of any "agreement" between counsel regarding the amendment of

20  pleadings.  (*Id.*)  Counsel for Plaintiffs did not make any representation regarding a potential

21  *Monell* claim or that they intended to seek leave to file an amended complaint.  (*Id.*)

22         On January 3, 2023, the Parties filed a Stipulation to Extend Case Deadlines.  (ECF No.

23  52; Lewis Decl. ¶19)  The stipulation addressed the necessity of modification of case deadlines

24  to allow related to fact discovery, expert discovery, and dispositive motions.  The stipulation did

25  not seek to modify the deadline by which the pleadings would be amended. (*Id.*)  In fact, the

26  stipulation was filed more than four months *after* the date by which amendments to the pleadings

27  had to be completed.

28

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

1    On January 13, 2023, the Court granted the parties' request to extend certain case

2    deadlines. (ECF No. 57; Lewis Decl. ¶20, Exh. E)  Specifically, the Court ordered: (1) Fact

3    discovery shall be completed by August 25, 2023; (2) Expert disclosures shall be completed by

4    September 11, 2023; (3) Rebuttal expert witnesses shall be exchanged by October 9, 2023; (4)

5    All dispositive motions, except for motions for continuances, temporary restraining orders or

6    other emergency applications, shall be heard by October 13, 2023; and (5) The settlement

7    conference deadline is extended to September 1, 2023.  (ECF No. 57; Lewis Decl. ¶20, Exh. E)

8    **The Court did not modify the deadline by which the amendments to the pleadings were to**

9    **be completed.**  (*Id.*)

10    On July 20, 2023, counsel for the Parties met and conferred and agreed to file a

11    stipulation seeking a further modification of case deadlines.  (Lewis Decl. ¶ 21)  This was now

12    ***eleven months*** after the deadline for filing of amendments to pleadings.  There was no discussion

13    regarding extending the deadline for filing of amendments to pleadings. There was no discussion

14    of any "agreement" between counsel regarding the amendment of pleadings. (*Id.*)  Counsel for

15    Plaintiffs did not make any representation regarding a potential *Monell* claim or that they

16    intended to seek leave to file an amended complaint.  (*Id.*)

17    On July 21, 2023, the deadline for the amendment of pleadings had passed, the parties

18    filed a Second Stipulation to Extend Case Deadlines.  (ECF No. 63, Lewis Decl. ¶ 22)  The

19    stipulation addressed the necessity of modification of case deadlines to allow related to fact

20    discovery, expert discovery, and dispositive motions.  The stipulation did not seek to modify the

21    deadline by which the pleadings would be amended. (*Id.*)  In fact, the stipulation was filed eleven

22    months *after* the date by which amendments to the pleadings had to be completed. (*Id.*)

23    On July 25, 2023, the Court found "good cause to grant the request in the stipulation" and

24    issued an Order modifying case deadlines as follows: "1.  Fact discovery shall be completed by

25    November 24, 2023; 2. Initial expert witness disclosures and reports shall be completed and

26    exchanged by December 11, 2023;  3. Rebuttal expert witness disclosures and reports shall be

27    completed by January 8, 2024; and 4. All dispositive motions except for motions for

28    continuances, temporary restraining orders or other emergency applications, shall be heard by

6

1    January 11, 2024[.]"  (ECF No. 64; Lewis Decl. ¶23, Exh. F)  The Order did not modify the

2    deadline to amend the pleadings.  (*Id.*)

3         On November 2, 2023, counsel for the Parties met and conferred regarding outstanding

4    discovery issues and agreed to file a stipulation seeking a further modification of case deadlines.

5    (Lewis Decl. ¶27)  This was now more than ***fifteen months*** after the deadline for filing of

6    amendments to pleadings.  There was no discussion regarding extending the deadline for filing

7    of amendments to pleadings.  (*Id.*)  There was no discussion of any "agreement" between

8    counsel regarding the amendment of pleadings.  (*Id.*)  Counsel for Plaintiffs did not make any

9    representation regarding a potential *Monell* claim or that they intended to seek leave to file an

10   amended complaint.  (*Id.*)

11        On November 6, 2023, the Parties filed a Third Stipulation to Extend Case Deadlines.

12   (ECF No. 84; Lewis Decl. ¶28)  The stipulation sought to extend discovery, expert deadlines,

13   and dispositive motions deadlines by ninety (90) days.  (*Id.*)  The stipulation referenced

14   depositions, independent medical examinations, written and document discovery, experts,

15   dispositive motions, and potential settlement discussions.  (ECF No. 84 at ¶¶ 1-3)  The

16   stipulation did not make any reference to the amendment of any pleadings.  (ECF No. 84; Lewis

17   Decl. ¶28)

18        On November 9, 2023, the Court issued an Order modifying case deadlines as follows:

19   "1.  Fact discovery shall be completed by February 22, 2024; 2. Initial expert witness disclosures

20   and reports shall be completed and exchanged by March 11, 2024;  3. Rebuttal expert witness

21   disclosures and reports shall be completed by April 8, 2024; and 4. All dispositive motions

22   except for motions for continuances, temporary restraining orders or other emergency

23   applications, shall be heard by April 10, 2024 [.]"  (ECF No. 86; Lewis Decl. ¶ 29, Exh. G)  The

24   Order did not modify the deadline to amend the pleadings. (*Id.*)

25        On February 16, 2024, the Parties met and conferred regarding outstanding discovery

26   issues and agreed to file a stipulation seeking a further modification of case deadlines.  (Lewis

27   Decl. ¶ 33)  This was now ***seventeen months*** after the deadline for filing of amendments to

28   pleadings.  (*Id.*)  There was no discussion regarding extending the deadline for filing of

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT
2:21-cv-01473-KJM-JDP

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

1    amendments to pleadings. There was no discussion of any "agreement" between counsel

2    regarding the amendment of pleadings.  Counsel for Plaintiffs did not make any representation

3    regarding a potential *Monell* claim or that they intended to seek leave to file an amended

4    complaint.  (*Id.*)

5         On February 19, 2024, the Parties filed a Fourth Stipulation to Extend Case Deadlines.

6    (ECF No. 106; Lewis Decl. ¶ 34)  The stipulation sought to modify the case deadlines limited in

7    scope to complete certain limited discovery.  (*Id.*)  The stipulation did not make any reference to

8    any amendment of any pleadings. (*Id.*)

9         On February 22, 2024, the Court issued an Order modifying case deadlines as follows:

10   "1. Fact Discovery Cut-Off for the Limited Outstanding Discovery identified in the Parties'

11   Stipulation shall be completed by April 8, 2024. . . 2. Initial expert witness disclosures and

12   reports shall be completed and exchanged by May 8, 2024; 3. Rebuttal expert witness disclosures

13   and reports shall be completed and exchanged by June 7, 2024; and 4. All dispositive motions,

14   except for motions for continuances, temporary restraining orders or other emergency

15   applications, shall be filed by July 15, 2024.  Oppositions shall be filed by August 12, 2024, and

16   replies shall be filed by August 26, 2024."  (ECF No. 107) (Lewis Decl. ¶ 36, Exh. I)  The Order

17   did not modify the deadline to amend the pleadings.  (*Id.*)

18   **III.   <u>LEGAL STANDARD</u>**

19        Federal Rule of Civil Procedure 15(a) governs requests for leave to amend pleadings and

20   provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Where

21   a plaintiff already has been granted leave to amend, the district court has "particularly broad"

22   discretion in deciding subsequent motions to amend.  See *Chodos v. West Publ'g Co.*, 292 F.3d

23   992, 1003 (9th Cir. 2002).

24        Leave to amend should be freely given unless the opposing party makes a showing of

25   undue delay, bad faith or dilatory motive, futility of amendment, or prejudice. *See Foman v.*

26   *Davis*, 371 U.S. 178, 182 (1962); see also *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d

27   981, 1007 (9th Cir. 2009) ("A district court … may in its discretion deny leave to amend due to

28   undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

1    deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

2    of allowance of the amendment, and futility of amendment.") (quotations omitted). "Not all of

3    the factors merit equal weight…. [I]t is the consideration of prejudice to the opposing party that

4    carries the greatest weight. Prejudice is the touchstone of the inquiry under rule 15(a)."

5    *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (quotation omitted).

6         When a pretrial scheduling order has been issued and the deadline for amending the

7    pleadings has passed, resolution of a motion to amend is further governed by Rule 16 of the

8    Federal Rules of Civil Procedure. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608

9    (9th Cir. 1992). Rule 16(b) provides that "[a] schedule shall not be modified except upon a

10   showing of good cause and by leave of the district judge." Fed. R. Civ. Proc. 16(b)(4).  In

11   interpreting the "good cause" requirement under Rule 16(b), the Court considers, primarily, "the

12   diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  "Although the

13   existence or degree of prejudice to the party opposing the modification might supply additional

14   reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking

15   modification.  If that party was not diligent, the inquiry should end." *Id.* (citation omitted).

16   **IV.**    **LEGAL ARGUMENT**

17        **A.    Plaintiffs' Motion Should Be Denied As Plaintiffs Did Not Seek Relief**
              **Required Under Federal Rules of Civil Procedure and This Court's Standing**
18            **Order**

19        Plaintiffs' motion relies heavily on the improper assertion that an "agreement" existed

20   between counsel that "Plaintiffs would have the right to right to bring *Monell* claims back into

21   the case if discovery supported the claims."  (ECF No. 110 at 19:26-27)   However, Plaintiffs

22   have not established that any such agreement was entered into.  In fact, the only agreement

23   between counsel related to this issue was memorialized in an email on December 15, 2021 that

24   stated "Plaintiffs reserve the right to seek leave to file an amended complaint adding [the *Monell*]

25   claims back in if Plaintiffs learn new facts strengthening their bases to seek *Monell* and vicarious

26   liability."  Plaintiffs have not established that the parties entered into any agreement that

27   Plaintiffs had the right to amend their complaint, or that Defendants agreed that Plaintiffs could

28   amend their complaint beyond the court deadline.

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

Even assuming *arguendo* that counsel for Defendants had entered into an agreement that Plaintiffs could seek leave to amend their complaint beyond the court deadline, any such agreement would be of no import. The Standing Order for Chief Judge Kimberly Mueller makes it clear that any agreement between the parties is not effective without court approval. Specifically, the Court's Civil Standing Order provides: "The parties are reminded that under Federal Rule of Civil Procedure 16(b), no stipulations extending scheduling requirements are effective until and unless the court approves them. Agreement of the parties by stipulation alone does not constitute good cause." (Hon. Kimberly J. Mueller, Civil Standing Order, ¶ 9) As such, Plaintiffs cannot establish good cause simply because they believed an agreement regarding the pleadings was in place.

Further, this Court's Civil Standing Order provides that "[b]oth applications and stipulations must be filed well in advance of the date due . . ." (*Id.*, ¶ 9) Here, Plaintiffs did not seek to modify the Scheduling Order prior to the expiration of the deadline for amending the pleadings, which was August 22, 2022. In fact, the first Stipulation to Extend Case Deadlines was filed on January 3, 2023, more than four months after the deadline for amendments to the pleadings had passed. (ECF No. 52; Lewis Decl. ¶ 19) And, that Stipulation did not seek to extend the deadline for the amendment of pleadings. (ECF No. 52; Lewis Decl. ¶ 19) Plaintiffs acknowledge that the Stipulations and Orders that followed also did not alter the deadline for the amendments of pleadings. (ECF No. 110, at 19:12-17)

Plaintiffs argue that the August 22, 2022 deadline to amend the Complaint "was not a deadline that could realistically be met by Plaintiffs because at the time the order was entered, a decision on the Dixon Defendants' Rule 12(b)(6) motion to dismiss was pending before the Court." (ECF 110 at 19:8-12) However, the deadline of August 22, 2022, was sought by Plaintiffs at the Scheduling Conference held on May 27, 2022. (Lewis Decl. ¶12-13, Exh. C) Plaintiffs made it clear to the Court that they intended to conduct any discovery necessary for a potential *Monell* claim in advance of the deadline to file deadline to complete amendments to the pleadings. (ECF Nos. 14, 23, 35, Lewis Decl. ¶8-12)

The Court held its hearing on the motion to dismiss on that same day.  Had Plaintiffs believed they could not obtain the necessary discovery by August 22, 2022, due to the pending motion to dismiss that was <u>not</u> brought by County of Solano, Plaintiffs should have sought relief from the Court at the Scheduling Conference.  Plaintiffs also should have objected to the Court's Minute Order providing the case schedule.  Plaintiffs did neither.  (Lewis Decl. ¶ 13-14)

Plaintiffs also inexplicably argue that the current scheduling order does not need to be modified because the current scheduling order does not have a deadline for the amendment of pleadings.  (ECF No. 110, at 19:15-17)  However, that argument disregards a direct judicial order entered by this Court.  The Court's Minute Order, which became the Order of the Court, specifically directs that "the schedule, once final, shall not be modified except by leave of court upon showing of good cause."  (ECF No. 38, Lewis Decl. ¶14, Exh. D)  The deadline of August 22, 2022 for the amendment of pleadings was directly and specifically included in the case schedule.  (*Id.*)  Plaintiffs made either an error or a strategic decision not to include a request to modify the deadline to amend the pleadings in the **<u>four</u>** Stipulations filed with the Court. Plaintiffs' failure to request that the deadline for the amendment of pleadings be modified does not mean that the Court's Order of May 27, 2022 was no longer applicable or could simply be ignored.

Plaintiffs should not be permitted to disregard the Federal Rules of Civil Procedure, this Court's Civil Standing Order and this Court's Case Scheduling Order.  Plaintiffs' Motion should be denied.

**B.    Plaintiffs' Motion Should Be Denied As Plaintiffs Were Not Diligent**

**1.    Plaintiffs Were Not Diligent In Conducting Discovery**

The Ninth Circuit has determined that "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc*., 465 F.3d 946, 951 (9th Cir. 2006), citing *Bowles v. Reade,* 198 F.3d 752, 757 (9th Cir. 1999). The "pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension,' but 'if the party seeking the modification was not diligent, the

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

1   inquiry should end and the motion to modify should not be granted.'" *Krohne Fund, LP v.*

2   *Simonsen*, 681 Fed.Appx. 635, 638 (9th Cir. 2017); *Siliga v. Deutsche Bank Nat'l Trust Co.*, 637

3   Fed. Appx. 438, 440 (9th Cir. 2016).

4        Plaintiffs were well-aware of the potential *Monell* claim from the outset of this litigation

5   as evidenced by its inclusion in the initial Complaint.  (ECF No. 1)  Plaintiff's Complaint was

6   filed on August 18, 2021.  Plaintiffs advised the Court on three separate occasions:  January 3,

7   2022, February 18, 2022, and May 13, 2022, that Plaintiffs required additional discovery to

8   ascertain whether the operative complaint will need to be amended including the "reassessment

9   of liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)[.]"  (ECF Nos.

10  14, 23, 35; Lewis Decl. ¶ 9, 11, 12, Exhs. A, B, C)  Plaintiffs knew from the time they filed their

11  First Amended Complaint that they needed to conduct discovery related to their *Monell* claims.

12       Plaintiffs cannot demonstrate they were diligent in conducting this "necessary"

13  discovery.  *Krohne Fund, LP v. Simonsen*, 681 Fed.Appx. 635, 638 (9th Cir. 2017) (holding that

14  the moving party could not demonstrate diligent conduct where the moving party did not

15  propound discovery which triggered their motion for amendment until one month after the

16  deadline to amend the pleadings)   Here, Plaintiffs did not propound any written discovery on

17  County of Solano until December 1, 2022, more than **fifteen (15) months** after they filed their

18  Complaint and more than three (3) months after the deadline for amendments to pleadings had

19  passed.  (Lewis Decl. ¶ 14-15; Almadani Decl. ¶ 7)  Additionally, this initial discovery did not

20  include a request for the Solano County Sheriff's Office policies which Plaintiffs claim they so

21  desperately needed to assert a *Monell* claim.  (Lewis Decl. ¶ 15)  In fact, Plaintiffs did not

22  request the entire Solano County Sheriff's Office policy manual until January 15, 2024—two and

23  a half years after filing their Complaint and seventeen (17) months after the deadline for

24  amendments to pleadings.  (Lewis Decl. ¶ 31)  Plaintiffs did not propound discovery to the

25  individually named defendants until September 13, 2023.  (Lewis Decl. ¶ 24)  Plaintiffs also did

26  not notice the deposition of a Solano County representative under Rule 30(b)(6) until December

27  11, 2023, more than two years after the deadline for amendments to pleadings.  (Lewis Decl. ¶

28  30)  Plaintiffs acknowledge they had obtained standardized training materials from the

12

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

California Commission on Peace Officer Standards and Training (POST) as of February 2024. (Almadani Decl. ¶ 10). However, those materials were never in the possession of the Solano County Sheriff's Office as they were created by POST. Nothing prevented Plaintiffs from issuing subpoenas to POST at the time the lawsuit was filed, or at any time thereafter.

Plaintiffs' Motion focuses largely on events that occurred in 2024. However, Plaintiffs are not bringing a motion to compel or other discovery motion against Defendants. In fact, while there have been discovery disputes, Plaintiffs have not had to file a single discovery motion. In the present Motion, it is Plaintiffs' diligence that is at issue. For the examination of that issue, the events of 2024 are largely irrelevant. Plaintiffs cannot establish diligent conduct when they waited more than a year to propound any written discovery and did not conduct any discovery prior to the deadline for amendments to pleadings. Plaintiffs cannot establish diligent conduct when they did not seek out what they now claim to be highly relevant information until late 2023/early 2024. Plaintiffs also cannot establish diligent conduct when they did not at any time seek to modify the Scheduling Order as it related to the deadline for amendments to pleadings.

Plaintiffs have not demonstrated diligent conduct in connection with the discovery in this case. Plaintiffs have not established that they are entitled to the relief sought and Plaintiffs' Motion should be denied.

**2.    Plaintiffs Were Not Diligent In Seeking Relief From The Court**

Plaintiffs cannot demonstrate they were diligent as they did not seek to leave of the Court for an amendment or an extension of the case deadline. *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002) (holding that the district court did not err in finding that Plaintiff was not diligent in seeking to amend their complaint since the claims "were well known to her well in advance of the amendment deadline and she failed to either seek an amendment or ask for an extension of the deadline"); *Barstad v. Murray County*, 420 F.3d 880, 883 (8th Cir. 2005) (affirming the district court's denial of leave to amend under Rule 16(b) because Plaintiffs had eight months to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the original complaint").

1    And, while Defendants maintain that Plaintiffs were not diligent in conducting discovery,

2    Plaintiffs were also not diligent in bringing this Motion.  *Learjet, Inc. v. Oneok, Inc.* (*In re W.*

3    *States Wholesale Nat. Gas Antitrust Litig.*), 715 F.3d 716, 737 (9th Cir. 2013) (holding that

4    district court did not abuse its discretion when it denied a motion to amend, because plaintiff had

5    known earlier of facts and theories supporting amendment).  Further, "good cause" for a belated

6    amendment under Rule 16(b) requires a showing that, despite the diligence of the movant, the

7    belated amendment could not reasonably have been offered sooner.  *SmithCo. Mfg. v. Haldex*

8    *Brake Prods. Corp.,* 267 F.R.D. (N.D. Iowa 2010) (citing *Sherman v. Winco Fireworks, Inc.* 532

9    F.3d 709 (8th Cir. 2008)).  On April 9, 2024, counsel for Plaintiffs sent an email correspondence

10   to counsel for Defendants advising for the first time since the deadline to amend pleadings had

11   passed, that they intended to amend their complaint to assert a *Monell* claim.  (Lewis Decl. ¶ 38)

12         Plaintiffs were in possession of policies requested from Solano County as early as April

13   2023.  Plaintiffs knew, or at least had reason to know, as of April 2023, that the named Sheriff's

14   deputies had not been disciplined as a result of the subject incident.  Further, Plaintiffs were in

15   possession of training records for the named Sheriff's deputies in October 2023.  Plaintiffs had

16   obtained these records under the guise that the records were relevant to the pending claims as

17   they pertained directly to the allegations against the individually named Sheriff's deputies.

18   (Lewis Decl. ¶ 26)  By February 2024, Plaintiffs had obtained standardized training materials

19   from the California Commission on Peace Officer Standards and Training (POST) (Almadani

20   Decl. ¶ 10).  Further, Plaintiffs had taken the depositions of the individually named Sheriff's

21   deputies as of January and February 2024.  By that point, Plaintiffs had confirmed the training

22   received and confirmed that the Sheriff's deputies had not been disciplined as a result of the

23   subject incident.  But, Plaintiffs did not file a Motion for Leave to File A Third Amended

24   Complaint in April 2023 or October 2023 or even January or February 2024.  And, during this

25   same time frame, the Parties filed four stipulations to modify the Scheduling Order.  Plaintiffs

26   remained silent on the issue of the amendment of the pleadings in each and every meet and

27   confer conference and in each and every stipulation. (Lewis Decl. ¶¶ 17-19, 21-22, 27-28, 33-34)

28

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT
2:21-cv-01473-KJM-JDP

1  Plaintiffs contend that they could not have brought the instant Motion any earlier because
2  they had not received several documents and not deposed the 30(b)(6) witness until April 2024.
3  In doing so, Plaintiffs place particular importance on the document titled "Use of Force Review:
4  Porter-Powell Incident 08/06/2020" produced on April 5, 2024.  However, Plaintiffs
5  misrepresent the nature of that document as a review of the incident required under California
6  Penal Code section 832.5.  There is no evidence to that effect.  And, the deposition testimony
7  produced by Plaintiffs reveals that the document was a review that was done for administration
8  after Solano County was notified in 2021 of the potential of a lawsuit. (Deposition of Bill Elbert
9  30(b)(6), at 61:8-62:14, 63:18-24, Exh. I to Almadani Decl.)

10  Plaintiffs also emphasize the policy and procedure documents produced on April 9, 2024.
11  Plaintiffs neglect to mention that those documents included all policies and procedures of the
12  Solano County Sheriff's Office, those that were part of the formal Lexipol policy and those that
13  were not.  The vast majority of the policies and procedures produced were entirely irrelevant to
14  the subject incident or this lawsuit.  And, notably, Plaintiffs have not cited to a single written
15  policy or procedure that was produced on April 9, 2024 either as part of their Motion or as part
16  of their proposed Third Amended Complaint.

17  Plaintiffs have not demonstrated that they were diligent in seeking relief from the Court
18  and Plaintiffs' Motion should be denied.

19  **C.**   **Defendants Will Be Severely Prejudiced By The Filing Of A Third Amended
         Complaint**

20

21  A court may deny leave to amend where the amendment prejudices the opposing party.
22  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb.
23  10, 2009).

24  **1.**   **Defendants Will Be Severely Prejudiced As The Deadlines Related To
         Expert Disclosures Have Passed**

25  Prejudice to Defendants can be established where other case deadlines, including
26  completion of expert discovery and deadlines for filing dispositive motions have passed.
27  *Johnson v. Cnty. of Kern*, No. 1:20-cv-01062-JLT-BAK (EPG) 2022 U.S.Dist.LEXIS 98253, at
28  *14 (E.D.Cal. June 1, 2022) (denying Plaintiff's motion to leave to amend complaint because

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

15

1   "expert discovery in this case have been completed, and the deadlines for filing non-dispositive

2   and dispositive motions have also passed.")    Defendants have adhered to the letter of the Court's

3   Scheduling Order.  As noted above, the modified Order required that "Initial expert witness

4   disclosures and reports shall be completed and exchanged by May 8, 2024." (ECF 107, Lewis

5   Decl. ¶ 34, Exh. G)  On May 8, 2024, Defendants exchanged initial expert witness disclosures

6   and reports. (Lewis Decl. ¶ 40)  The initial expert witness disclosures and reports were prepared

7   based on the operative Second Amended Complaint. (*Id.*)  Defendants are not permitted to have

8   their experts offer opinions on matters that are not before the Court.  For that reason, Defendants

9   did not disclose expert witnesses or provide reports that offered opinions on matters that are not

10  before the Court. (*Id.*)  Defendants' experts did not offer opinions on hypothetical claims or

11  potential allegations against Defendants. (*Id.*)  Plaintiffs' proposed Third Amended Complaint is

12  just that, a proposed pleading.  It has no bearing on the case until the Court permits such a

13  pleading to be filed.

14          The Court's Scheduling Order also provides that "Rebuttal expert witness disclosures and

15  reports shall be completed and exchanged by June 7, 2024." (ECF 107, Lewis Decl. ¶ 36, Exh. I)

16  The hearing on Plaintiffs' Motion is not until July 12, 2024.  Again, to comply with the Court's

17  Order, Defendants will need to exchange rebuttal expert witness disclosures and reports, and

18  conduct and defend expert depositions, ***before*** there is any determination from the Court as to the

19  permissibility of Plaintiffs' Third Amended Complaint.  For that reason, Defendants' rebuttal

20  expert disclosures and reports must necessarily be based on the operative Second Amended

21  Complaint.

22          Should the Court permit Plaintiffs to file a Third Amended Complaint, Defendants will

23  not have been permitted to offer expert witnesses to opine on the allegations contained in

24  Plaintiffs' Third Amended Complaint.  As set forth above, these additional allegations extend

25  beyond Plaintiffs' proposed *Monell* claim and touch on virtually all of Plaintiffs' claims against

26  Defendants.  Defendants cannot be precluded from presenting expert witness testimony at trial

27  because they have failed to disclose expert opinions on claims that were not in place at the time

28  the disclosures and reports were exchanged.

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

16

**2.**   **Defendants Will Be Severely Prejudiced As To Its Dispositive Motions**

Plaintiffs' attempt to amend their complaint on the eve of the deadline for dispositive motions also severely prejudices Defendants.  The Ninth Circuit has affirmed a District Court's denial of a Plaintiff's motion for leave to amend his complaint where "the proposed amended complaint, adding new theories of liability and defendants after the parties filed their dispositive motions, would have prejudiced defendants by substantially complicating and delaying the case." *Foote v. Nev. Dep't of Prisons*, No. 97-15410, 1998 U.S. App. LEXIS 2924, *5 (9th Cir. Feb. 20, 1998).

Again, Plaintiffs are well-aware of the case deadlines in this matter.  Specifically, all dispositive motions are to be filed by July 15, 2024.  (ECF No. 107)  The dispositive motions are to be brought on the *operative* pleading, not on a proposed version of an amended pleading that has not been approved by the Court.  As such, Defendants will be filing a Motion for Summary Judgment as to the Second Amended Complaint.  However, the hearing date selected by Plaintiffs for the instant Motion is July 12, 2024.  The Court will not be in a position to issue an Order on the instant Motion before the dispositive motion filing deadline.  As such, Defendants will need to prepare and file their Motion for Summary Judgment as to the Second Amended Complaint.

Further, if the Court were to grant Plaintiffs' Motion and permit Plaintiffs to file a Third Amended Complaint on July 12, 2024, Defendants would not have the ability to conduct any discovery related to Plaintiffs' new claims.  In fact, Defendants would have only three days to prepare and file a Motion for Summary Judgment as to the Third Amended Complaint.  That would be untenable and would prevent Defendants from filing a dispositive motion.  Defendants will still be prejudiced even if the deadline for filing dispositive motions is continued, as they would have to expend considerable and duplicative resources in preparing and filing a ***second*** Motion for Summary Judgment as to Plaintiffs' Third Amended Complaint.

**3.**   **Defendants Would Also Be Prejudiced As Additional Discovery Will Be Required**

Permitting the filing of a Third Amended Complaint also places an undue burden on Defendants in having to conduct additional discovery related to these allegations and claims.  In

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

1  the event Plaintiffs' Motion is granted, it would provide additional claims and advance different

2  legal theories and require proof of different facts.  "Putting the defendants 'through the time and

3  expense of continued litigation on a new theory, with the possibility of additional discovery,

4  would be manifestly unfair and unduly prejudicial.'" *Priddy v. Edelman,* 883 F.2d 438, 447 (6th

5  Cir. 1989) (quoting *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973),

6  cert. denied, 416 U.S. 939, (1974)).  Here, Plaintiffs' proposed Third Amended Complaint

7  includes a host of new allegations related to the Sheriff's deputies' conduct as it relates to POST

8  policies, the California Penal Code, as well as several officers' alleged liability implicated by

9  their social media posts.  Similarly, Plaintiffs' proposed Third Amended Complaint includes

10  many allegations related to an improper "culture" within the Sheriffs' Office which was also a

11  basis of liability.  Discovery in this case has been closed since February 22, 2024, with limited

12  discovery conducted up to April 8, 2024.  Plaintiffs' newly added allegations in the proposed

13  Third Amended Complaint, are incorporated into each of their claims for relief.  Permitting

14  Plaintiffs to file a Third Amended Complaint with scores of new allegations and claims

15  necessarily opens this case to additional discovery.

16        **D.    Plaintiffs' Motion to Amend Is Futile As Plaintiffs' Third Amended
             Complaint Would Not Survive a Motion to Dismiss**

17

18        A motion to amend a complaint is futile "if the proposed claim would not a survive a

19  motion to dismiss." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).

20  Plaintiffs' newly added claim for relief is based on *Monell v. Dep't of Social Services of the City

21  of New York,* 436 U.S. 658 (1978).  A local government entity "may not be sued under § 1983

22  for an injury inflicted solely by its employees or agents." *Id.* at 694.  Instead, the municipality is

23  liable only if plaintiff can establish the municipality "had a deliberate policy, custom, or practice

24  that was the 'moving force' behind the constitutional violation he suffered." *Id*. at 694-695;

25  *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007).  Plaintiffs must "specify the content of

26  the policies, customs, or practices the execution of which gave rise to Plaintiffs' Constitutional

27  injuries" to survive the motion to dismiss stage.  *Mateos-Sandoval v. Cnty. of Sonoma*, 942

28  F.Supp.2d 890, 900 (N.D. Cal. 2013), aff'd sub nom.

1    Here, Plaintiffs have failed to identify any specific policy of the Solano County Sheriff's

2    Office which was "moving force" behind the constitutional violations alleged by Plaintiffs.

3    Plaintiffs contend that the standardized courses provided by the California Commission on Peace

4    Officer Standards and Training (POST) formed the basis of the policies at issue in their *Monell*

5    claim.  (ECF No. 110-1, ¶¶ 28-34)  However, POST is not a party to this action and is not a

6    governmental official who is responsible for a deprivation of rights.  Moreover, Plaintiffs allege

7    that the Sheriff deputies' actions were not in compliance with the POST standards. (*Id.*)  While

8    this allegation may go to the culpability of the individual defendants, this allegation removes

9    Plaintiffs' ability to argue that the POST policies were the moving force behind any

10   constitutional deprivation.

11   Further, Plaintiffs have also failed to show that any "custom" establishes *Monell* liability

12   since such custom must be "so widespread as to have the force of law."  *Coward v. Town & Vill.*

13   *of Harrison*, 665 F. Supp. 2d 281, 308 (S.D.N.Y. 2009), citing *Bd. of County Comm'rs v. Brown,*

14   520 U.S. 397, 403 (1997).  The custom at issue must also be well-settled.  *Coward, supra,* 665

15   F.Supp. at 308, citing *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988).  In our case,

16   Plaintiffs fail to allege that any alleged custom is so widespread to have the force of law, or that

17   any unlawful behavior was well-settled within the Sheriff's Office.  Plaintiffs' allegations related

18   to Sheriffs' officer social media posts are similarly insufficient to establish a claim since

19   "[r]andom acts or isolated incidents of unconstitutional action by a non-policymaking employee

20   are insufficient to establish the existence of a municipal policy or custom."  *Spears v. City and*

21   *County of San Francisco*, 2008 WL 2812022, 1, 7 (N.D. Cal. Jul. 21, 2008).

22   Further, Plaintiffs Third Amended Complaint fails to assert facts establishing that any

23   policymakers failed to train any of the Sheriffs' officers.  Instead, Plaintiffs' proposed Third

24   Amended Complaint argues that the officers did not act in accordance with the training they had

25   received.  At most, this speaks to the actions of the individual officers.  But, such allegations do

26   not impute liability to the municipality.

27   Finally, Plaintiff also fails to show any ratification which warrants *Monell* liability since

28   that can only be established "by showing that an officer with final policymaking authority ...

19

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

1  ratified the decision of a subordinate." *Rosenbaum v. City and County of San Francisco,* 484

2  F.3d 1142, 1155 (9th Cir. 2007).   The official with final policymaking authority must ratify both

3  the "subordinate's decision or action and the basis for it." *Trevino v. Gates*, 99 F.3d 911, 920

4  (9th Cir. 1996)  Rather than address these elements, Plaintiffs spend a significant portion of the

5  proposed Third Amended Complaint attempting to conflate the alleged "anti-government militia

6  movement" associated with the Three Percenters group, and the conduct of the Solano County

7  Sheriff's Office. (ECF No. 110-1, ¶¶ 94-99)  Plaintiffs have not alleged what specific action that

8  Sheriff Ferrara ratified, or which subordinate committed the unlawful act that was ratified.

9  Plaintiffs' allegations are nothing more than conclusory claims that Sheriff Ferrara "allowed a

10  culture and custom within the SCSO whereby racist and extremist policing was acceptable."

11  (ECF No. 110-1, p. 53:7-11)  Such an allegation does not rise to the level of establishing

12  ratification of any specific unconstitutional action.

13         Plaintiffs' proposed Third Amended Complaint would not survive a motion to dismiss

14  and Plaintiffs' Motion to Amend should be denied.

15         **E.    Defendants Maintain That Discovery Should Be Reopened And Case
             Deadlines Continued**

16

17         In the event Plaintiffs' Motion is granted, Defendants should be permitted to conduct

18  additional discovery.  District courts retain wide latitude in guiding cases through its preparatory

19  stages, and district courts retain discretion to modify pretrial orders.  *Sadowski v. Bombardier, Ltd.,*

20  539 F.2d 615, 620-621 (7th Cir. 1976).  Conducting additional discovery would also necessitate

21  extending the deadline for expert disclosures, as well as the deadline by which dispositive motions

22  must be filed.

23  **V.    CONCLUSION**

24         Based on the foregoing, Defendants' respectfully request that the Court deny Plaintiffs'

25  Motion for Leave To File A Third Amended Complaint.  To the extent Plaintiffs are permitted to

26  file a Third Amended Complaint, Defendants reserve the right to file a responsive pleading,

27  either in the form of a Motion to Dismiss pursuant to FRCP 12(b)(6) or an Answer.

28

Hawkins Parnell & Young LLP
ATTORNEYS AT LAW

20

1

2    DATED:  May 24, 2024                    HAWKINS PARNELL & YOUNG LLP

3

4
                                            By:  /s/ Danielle K. Lewis
5                                                DANIELLE K. LEWIS
                                                 MILES F. MAURINO
6                                                Attorneys for Defendants
                                                 COUNTY OF SOLANO (erroneously sued
7                                                as SOLANO COUNTY SHERIFF'S
                                                 OFFICE), SHERIFF THOMAS A.
8                                                FERRARA, DALTON MCCAMPBELL,
                                                 LISA MCDOWELL, CONNOR
9                                                HAMILTON, CHRISTOPHER CARTER

10

11   DATED:  May 24, 2024                    BERTRAND, FOX, ELLIOT, OSMAN &
                                             WENZEL
12

13

14
                                            By:  /s/ Gregory M. Fox
15                                               GREGORY M. FOX
                                                 Attorneys for Defendant
16                                               ROY STOCKTON

17

18

19

20

21

22

23

24

25

26

27

28