UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nakia Victoria Porter, et al., | No. 2:21-cv-01473-KJM-JDP |
| Plaintiffs, | ORDER |
| v. | |
| Solano County Sheriff's Office, et al., | |
| Defendants. | |

In this civil rights action, plaintiffs move to amend their complaint to reassert *Monell* liability claims against the County of Solano and Solano County Sheriff's Office. The court **grants** the motion.

I.   BACKGROUND

Plaintiffs filed their original complaint on August 18, 2021. Compl., ECF No. 1. In the complaint, plaintiffs alleged liability claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See, e.g.*, *id.* ¶¶ 94, 101. After meeting and conferring with defendants, plaintiffs agreed to remove their *Monell* claims to conserve "judicial and party resources," but reserved their right to seek leave to reassert those claims if they learned facts that strengthened their bases for *Monell* liability during discovery. *See* Almadani Decl. ¶¶ 4–5, ECF No. 110-1; Emails, Almadani Decl. Ex. C. The deadline to amend the pleadings was August 22, 2022. *See* Mins. Scheduling Conf., ECF No. 38. The parties have subsequently filed stipulated requests to

1

1   extend the dates for discovery but did not otherwise request a new deadline to amend the
2   pleadings. *See, e.g.*, Fourth Stip. Extend Case Deadlines, ECF No. 106. Discovery is now
3   closed. *See* Scheduling Order, ECF No. 107.
4       Plaintiffs now move to amend their complaint in light of new evidence they discovered on
5   the last day of the fact discovery cutoff date. *See* Mot., ECF No. 110. Defendants oppose,
6   Opp'n, ECF No. 118, and plaintiffs have replied, Reply, ECF No. 123. The court submitted this
7   motion without holding a hearing. *See* Min. Order, ECF No. 131.

## II.   DISCUSSION

9       As a preliminary matter, defendants argue the court should deny plaintiffs' motion
10  because they did not comply with the relevant Federal Rules of Civil Procedure and this court's
11  standing order. Opp'n at 13–15.[1] Specifically, they take issue with the fact that plaintiffs
12  stipulated to extend the deadline for discovery but did not include any request to modify the
13  deadline as to amendment to the pleading. *Id.* at 15. This court's standing order and Rule 16
14  both require parties to show "good cause" to modify the scheduling order. *See* Civil Standing
15  Order, ECF No. 4-1; Fed. R. Civ. P. 16(b)(4); *see also* FRCP Bench Order, ECF No. 38. As
16  plaintiffs argue on reply however, plaintiffs did not have good cause to request the modification
17  at the time of the stipulations, because they did not yet have the relevant evidence to reassert their
18  *Monell* liability claims. *See* Reply at 3–4. Plaintiffs' decision not to request an extension to
19  amend their pleading does not preclude them for requesting that relief now.
20      The court now considers the motion to amend on the merits.
21      As noted, the deadline to amend the pleadings was August 22, 2022. *See* Mins.
22  Scheduling Conf. A plaintiff who seeks leave to amend its pleadings after the deadline in a Rule
23  16 scheduling order must first satisfy the "good cause" standard of Federal Rule of Civil
24  Procedure 16(b)(4). *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 608–09 (9th Cir.
25  1992). This requirement focuses primarily on the moving party's diligence and its reasons for
26  seeking a modification. *See id.* at 609. A moving party may demonstrate "good cause" by

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

(1) diligently assisting the court in creating a workable Rule 16 order, *see Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999); (2) explaining why circumstances beyond that party's control prevented compliance, *see Johnson*, 975 F.2d at 609; and (3) promptly and diligently seeking to amend the scheduling order, *see Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996).

Plaintiffs' request for leave to modify the scheduling order is supported by good cause. Their proposed amendments incorporate what they learned at the end of fact discovery, and they filed their motion without delay. *See* Almadani Decl. ¶¶ 20–30. Defendants argue plaintiffs were not diligent in conducting discovery and requesting relief. *See generally* Opp'n at 15–19. However, plaintiffs received additional relevant information on the last day of discovery during the deposition of a witness under Rule 30(b)(6), *see* Almadani Decl. ¶¶ 25–27, notified defendants promptly of their intent to seek an amendment of the complaint in light of the additional evidence, *id.* ¶ 30, unsuccessfully sought a stipulation to request leave to file an amended complaint, *id.* ¶ 31, and filed the instant motion promptly after exhausting meet and confer efforts, *id.*; *see* Mot. The court finds plaintiffs have demonstrated good cause. *See, e.g.*, *Akey v. Placer Cnty.*, No. 14-2402, 2017 WL 1831944, at *8 (E.D. Cal. May 8, 2017) (holding similarly).

If a motion to amend is supported by good cause, the court next considers whether the proposed amendment should be permitted under Rule 15. Under that Rule, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has also "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). The court considers the following factors when exercising its discretion to determine whether to permit amendments: whether the moving party has sought leave to amend in bad faith, whether the plaintiffs have previously amended the complaint, whether an amendment would cause undue delay, whether the proposed amendment would be futile, and prejudice to the opposing party. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

First, the court finds no evidence of bad faith. Second, although plaintiffs have previously amended their complaint, this is the first time they are requesting leave to amend the complaint and there has been no "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182. Third, while the amendment would cause some delay, there has been no final pretrial conference, and no trial date has been set in this case. Fourth, the court cannot find it is "clear beyond doubt that amendment of the complaint would be futile" without full briefing of the issue. *See Ctr. For Biological Diversity v. Veneman*, 394 F.3d 1108, 1114 (9th Cir. 2005). Although defendants argue amendment would be futile, Opp'n at 22–25, "[c]ourts within this District and Circuit often defer assessments of a proposed amendment's legal substance until after those amendments are filed and a defendant formally moves to dismiss," *Est. of Thomas v. Cnty. of Sacramento*, No. 20-00903, 2021 WL 5280991, at *2 (E.D. Cal. Nov. 12, 2021).

Finally, the court finds any prejudice to defendants by permitting an amendment to the complaint can be mitigated. Defendants argue they will be severely prejudiced because: 1) deadlines related to expert disclosures have passed and defendants have not had a chance to request an expert opinion regarding the *Monell* liability issues, 2) the deadline to file dispositive motions is July 15, 2024; and 3) they will need additional discovery regarding the *Monell* liability claims. *See* Opp'n at 19–22. Plaintiffs argue defendants will not be prejudiced because they have been on notice regarding the *Monell* issues since the beginning of this litigation, they have engaged in discovery disputes before the assigned magistrate judge regarding discovery on *Monell* liability issues, and it is defendants themselves who have relevant evidence regarding *Monell* liability. *See* Reply at 10–11. As for expert disclosures, plaintiffs argue defendants have known about plaintiffs' intention to request leave to amend the complaint since one month before the initial expert disclosure deadline and had an opportunity to rebut plaintiffs' expert reports, which included opinions bearing on *Monell* liability. *See id.* at 11. Finally, plaintiffs are "agreeable to alleviate any actual prejudice to defendants" regarding the dispositive motion deadline "by having the Court allow some extra time to file summary judgement on *Monell* liability." *Id.*

Although defendants may have been on notice regarding plaintiffs' *Monell* liability claims, they did not know the contours of plaintiffs' allegations and arguments. The court finds defendants would be prejudiced if the court does not permit additional fact and expert discovery on the *Monell* liability issues and does not continue the dispositive motion deadline. Accordingly, the court finds good cause to reopen fact and expert discovery limited in scope as to the *Monell* liability issues. *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). Trial is not imminent, there has been no final pretrial conference and discovery is limited in scope. By reopening discovery for this limited purpose, the court finds defendants' arguments regarding prejudice are moot.

Having considered all the relevant factors, the court grants plaintiffs leave to amend the complaint to add *Monell* liability claims. In reaching this decision, the court is "guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

### III.   CONCLUSION

Plaintiffs' motion to amend the complaint is **granted**. Plaintiffs are directed to file the proposed amended complaint within **seven days**.

Additionally, the court finds good cause to **reopen discovery** in limited scope. The parties shall meet and confer and file a joint status report within fourteen (14) days of the filed date of this order. The report shall include: (1) proposed dates for limited fact discovery on *Monell* liability issues, (2) expert disclosures and reports limited to *Monell* liability and (3) a proposed new deadline to file dispositive motions. On the court's own motion, the deadline to file dispositive motions shall be continued for the time being to August 15, 2024. In light of this order, defendants' application to continue the filing date, briefing schedule and hearing date for dispositive motions, ECF No. 127, is **denied as moot**.

/////

/////

/////

1    This order resolves ECF Nos. 110 and 127.

2    IT IS SO ORDERED.

3   DATED: July 9, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE