UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nakia Porter, et al., | No. 2:21-cv-01473-KJM-JDP |
| Plaintiffs, | ORDER |
| v. | |
| County of Solano, et al., | |
| Defendants. | |

Plaintiffs request this court approve the settlement and compromise of minor plaintiffs' claims. The motion is unopposed and the court has submitted the motion without oral argument as provided under Local Rule 230(g). For the reasons set forth below, the court **grants** the motion.

**I.   BACKGROUND**

The court, having summarized the relevant background of this case in multiple previous orders, incorporates the factual background by reference here. *See* Order (Feb. 26, 2025), ECF No. 199; Mot. Dismiss Order (Dec. 12, 2022), ECF No. 51. In summary, this case arose from an encounter between Solano County police officers Dalton McCampbell, Lisa McDowell, Chris Carter and Connor Hamilton (collectively Solano defendants) and sergeant Roy Stockton, and plaintiffs.

Plaintiffs Nakia and Joseph Porter, and Ms. Porter's two minor children, L.P. and A.P., brought fourteen claims against defendants under applicable federal and state law. *See generally* Fourth Am. Compl. (FAC), ECF No. 144. Following a motion to dismiss, ECF No. 26, the completion of discovery, cross motions for summary judgment, ECF Nos. 150, 152, 153, and defendants' now-dismissed appeals, *see* ECF Nos. 215, 216, the parties entered a settlement agreement. *See generally* Mot., ECF No. 256. Defendants agreed to pay all named plaintiffs $17,000,000 in total. *Id.* Plaintiffs now move for the approval of settlement and compromise of the minor plaintiffs' claims, amounting to gross recovery of $1,700,000, or $850,000 for each minor. *Id.* at 2, 11. The motion is unopposed. *See* Almadani Decl. ¶ 1, ECF No. 256-1; Ibrahim Decl. ¶ 1, ECF No. 256-2.

## II.  LEGAL STANDARD

District courts have a duty to protect the interests of minor litigants. *See* Fed. R. Civ. P. 17(c)(2) (requiring court "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action"). This special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also* E.D. Cal. L. R. 202(b) ("No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.").

The Ninth Circuit instructs district courts to "limit the scope of their review to the question of whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. This requires the court to "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182.

Minor claimants' guardian ad litem, Nakia Porter, filed the instant motion for approval of the minors' compromise on August 20, 2025. ECF No. 256. Plaintiffs' counsel represent in their

2

depositions that defendants do not oppose her motion. Almadani Decl. ¶ 1; Ibrahim Decl. ¶ 1. Indeed, no opposition has been filed. Under Local Rule 202(d) "the representative compromising the claim on behalf of the minor or incompetent, and the minor or incompetent shall be in attendance unless, for good cause shows, the Court excuses their personal attendance." E.D. Cal. L. R. 202(d). Plaintiffs request the minors be excused from attending the hearing on this motion to avoid cross-country travel, missing school obligations and to protect the minors from the traumatic experience of "attend[ing] a hearing with more strangers in the intimidating environment." Mot. at 23. Plaintiffs also request the court excuse the minors' parents, including guardian ad litem Nakia Porter, from attending a hearing in person as they now live with their children on the East Coast and would be burdened by the cost and inconvenience of cross country travel. Good cause appearing, the court excuses L.P., A.P., and Ms. Porter from personally appearing for purposes of the pending motion. The court notes Ms. Porter has attended court hearings previously, earlier in the case, and so the court has had a chance to meet her and has no questions regarding her continuing suitability to represent her children's interests. Plaintiffs also indicate in their motion they are "amenable to waiving the hearing on this unopposed motion." *Id.* The court, at its discretion and consistent with Local Rule 230(g), has submitted this matter without oral argument.

### III.   ANALYSIS

Under the settlement agreement, the two minor plaintiffs, L.P. (age eleven) and A.P. (age nine), are entitled to a gross recovery of $850,000 each or $1,700,000 total.[1] Mot. at 16. From each award, $124,751.31 will be deducted in litigation costs and a twenty-eight percent contingency for attorneys' fees will be applied. *Id.* That is, forty percent of the minors' settlement will be allocated to their attorneys. *Id.* Ultimately, each minor plaintiff is entitled to

---

[1] The court notes the briefing discusses various settlement amounts including the gross recovery, the net recovery by minors, the recovery of each minor, the Minimum Guaranteed Payment Amount and the projected total payment based on anticipated market appreciation. The court clarifies the initial gross recovery of the minors, before attorneys' fees and costs, is $1,700,000. The final net recovery by the minor plaintiffs collectively after attorneys' fees and costs of approximately forty percent is $970,418.80.

$485,209.40 after attorneys' fees and costs, or $970,418.80 total for the two minor plaintiffs. Mot. at 3.

This amount will be placed into two tax-free, structured annuities. *Id.* The annuities are structured so the minors each will receive a semi-annual annuity with distributions commencing on their eighteenth birthdays and continuing through their twenty-fifth birthdays. *Id.* The annuities will be linked to the S&P 500 and each minor will likely benefit from the expected appreciation of the S&P 500 over the next seven to ten years, with an estimated tax-free net sum of $1,087,488.30 for L.P., and $1,314,881.81 for A.P. Mot. at 12. In the event the S&P 500 does not continue to appreciate, the annuity contracts provide for a Minimum Guaranteed Payment Amount of at least $570,111.82 for L.P. and $580,188.58 for A.P. *Id.* at 4. Nakia Porter, the guardian at litem for both minors, recommends this compromise settlement and proposed distribution. Porter Decl. ¶ 2, ECF No. 256-3.

Plaintiffs contend the minors suffered significant trauma and emotional injury stemming from the altercation with defendants and plaintiffs submit the expert report of Dr. Anlee D. Kuo to support their assertions. *See* Expert Report of Dr. Anlee Kuo, ECF No. 256-1, at 36–93. Plaintiffs explain the settlement amount for each minor will "enable them to fund their higher education and begin adulthood financially secure." Mot. at 4. Plaintiffs also provide a series of case citations involving emotional injury to minors as well as cases involving physical injury to disabled adults. Mot. at 13–14. Here, the court considers the cases involving approval of settlements for disabled adults persuasive as they are governed by the same procedural law and Ninth Circuit precedent governing minors' settlements. *See* E.D. Cal. L. R. 202(d); Fed. R. Civ. P. 17(c); *see, e.g., Smith v. City of Stockton*, 185 F. Supp. 3d 1242 (E.D. Cal. 2016) (approving settlement for a disabled adult and citing to *Robidoux*, 638 F.3d at 1181). After careful review, the court determines the proposed settlement is fair and reasonable for the minor plaintiffs given the facts of the case, the minors' specific claims here and the recovery obtained by other plaintiffs in similar cases. *See Robidoux*, 638 F.3d at 1181–82; E.D. Cal. L. R. 202(b)(2). While the court notes Dr. Kuo's observation that the minor plaintiffs are likely currently suffering from the ongoing effects of having lived through the incident underlying this case, the court is satisfied

4

that Ms. Porter and her husband have the ability to take account of those effects in their caring for and raising the minors to adulthood, until the minors reach the age when they can use the settlement funds to pay for higher education and otherwise ensure they are financially secure.

In *Molesky*, a case involving alleged damages arising from emotional distress caused by Fourth Amendment violations, the district court found a net settlement recovery of $23,450 was "fair, reasonable, and in the best interests of the child when compared to similar settlements and based on the particular facts of this case." *Molesky for J.M. v. Carrillo*, No. 1:22-CV-01567-KES-CDB, 2024 WL 3565987, at *3 (E.D. Cal. July 29, 2024) (collecting cases), *report and recommendation adopted*, No. 1:22-CV-01567-KES-CDB, 2024 WL 3904912 (E.D. Cal. Aug. 22, 2024). The court emphasized the fairness of the proposed settlement given the facts of the case, which involved the arrest of the thirteen-year-old plaintiff based on a "minor's version of events without further investigating the amply available exonerating evidence." *Id.* In *Red v. Merced County*, No. 1:06-cv-1003 GSA, 2008 WL 1849796, at *3 (E.D. Cal. Apr. 23, 2008), the district court approved a net recovery of $15,000 to the minor plaintiff, aged fifteen, who was ordered out of the home where the minor lived at gunpoint, causing emotional distress.

To support their motion, plaintiffs also cite to cases involving significant physical injury to a minor or disabled plaintiff where the court approved smaller settlement amounts than the net recovery in this case. In *Smith v. City of Stockton*, 185 F. Supp. 3d 1242, 1243 (E.D. Cal. 2016), the disabled plaintiff suffered significant injury including broken teeth, extensive bite marks from a police dog and emotional injuries. The court in *Smith* approved a net settlement of $165,721.88 after plaintiff's attorneys' fees and costs of $112,000, or forty percent of the gross settlement amount. *Id.* In *Jurgens v. Dubendorf*, No. 2:14-CV-02780-KJM-DB, 2018 WL 1960762, at *2 (E.D. Cal. Apr. 26, 2018), the disabled plaintiff suffered a hand fracture, head lacerations and a traumatic brain injury. The court approved a net recovery of $472,094.37 after the plaintiff's attorneys' fees and costs in the amount of $399,999, or approximately forty percent of the gross settlement amount.

These cases confirm L.P. and A.P.'s combined net settlement of $970,418.80 is fair and reasonable.

### IV. CONCLUSION

The court finds the proposed settlement serves the best interest of L.P. and A.P. and therefore **grants** the motion to approve settlement and orders as follows:

- Defendants shall pay plaintiffs' counsel the minors' full settlement amount as specified in the settlement agreement within thirty days of the filed date of this order.
- From each minor plaintiff's award, forty percent shall be deducted for attorneys' fees and costs and allocated to plaintiffs' attorneys.
- Minor plaintiffs' guardian ad litem, Nakia Porter, shall execute the tax-free annuity for L.P. and A.P. on the terms contained in **Exhibit 1 and Attachment C-1** attached to the plaintiffs' motion. The annuity payments shall be disbursed semi-annually to each minor beginning on each minor's eighteenth birthday and continuing until each minor reaches the age of twenty-five.

This order resolves ECF No. 256.

IT IS SO ORDERED.

DATED: September 2, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE